## BOCHANTIN v. INLAND WATERWAYS CORPORATION et al.

No. 6399.

United States District Court
E. D. Missouri, E. D.

Jan. 10, 1950.

Harry Gershenson, Sullivan, Finley & Lucas and Wilder Lucas, all of St. Louis, Mo., for libelant.

Drake Watson, United States Attorney, of New London, Mo., and William V. O'Donnell, Assistant United States Attorney, of St. Louis, Mo., for respondents.

HULEN, District Judge.

The right of libelant to amend so as to proceed in this case as next friend or natural guardian for minor beneficiaries, instead of administratrix, where suit was instituted before running of statute of limitations, but amendment is sought after, is the question for ruling.

This, a proceeding in admiralty, was filed February 26, 1949, by Sophie Bochantin as Administratrix of the Estate of Roman P. Bochantin, deceased. Roman P. Bochantin died by drowning on February 27, 1948, while helping to load a barge of respondent Inland Waterways Corporation on the Mississippi River at St. Louis, Mo. Left surviving were the libelant and two minor children. Suit is based on the Missouri wrongful death statute, Mo.R.S.A. § 3653. Under this statute proper libelants at the time suit was originally filed were the two minor children.

Respondents filed objections to the original libel as to form and particularly as to the right of libelant to maintain the action. While motion was pending, and after the one-year statute of limitations, Mo.R.S.A. § 3656, had lapsed, libelant sought to amend her libel by substituting as libelant herself in the capacity of next friend of the two minor children, at the same time seeking her appointment as next friend. All motions were consolidated for hearing and are now for ruling.

Preliminary to the main question, we rule respondents' position that Sophie Bochantin must first be appointed next friend for her minor children before she can maintain a suit on their behalf finds no support in the law of Missouri. An infant may sue by its mother who is the natural guardian of the child without the formality of having the mother appointed as next friend. Taylor v. Missouri Pac. R. Co., Mo.App., 257 S.W. 511, loc. cit. 512.

The basic issue presented by the various motions is—can Sophie Bochantin, widow of Roman P. Bochantin, having filed a libel in admiralty for damages for his wrongful death, as administratrix of Bochantin's estate, within one year of date of death but after the six-month period, based on the Missouri death statute, R.S.Mo.1939, § 3653, Mo.R.S.A., and there being minor children, after the year given to minor children, §

3652, to maintain such a cause, have her representative capacity changed by amendment from administratrix to that of natural guardian for the minors and thereby avoid the one-year statute of limitations, § 3656, that is a part of the Missouri death statute giving a cause of action to minors for wrongful death of a parent?

All parties agree if state law is to control, the forum being Missouri, libelant must be denied the right to amend. See Goldschmidt v. Pevely Dairy Co., 341 Mo. 982, 111 S.W.2d 1.

The Federal courts are not in accord with the reasoning set forth in the Goldschmidt case. An early case to the contrary is Reardon v. Balaklala Consol. Copper Co., C.C., 193 F. 189, 192. In allowing the substitution (from individual capacity to that of administrator) by amendment, the District Court quoted the Supreme Court: " 'The authority to allow such amendments is very broadly given to the courts of the United States by the thirty-second section of the judiciary act of 1789, c. 20 (now section 954, Rev.St.U.S.), and quite as broadly, to say the least, as it is possessed by any other courts in England or America, and it is upheld upon principles of the soundest protective policy.' Matheson's Adm'rs v. Grant's Adm'r, 2 How. 263, 281 [11 L.Ed. 261]."

A later case to same effect and much cited is Lopez v. United States, 4 Cir., 1936, 82 F.2d 982. Section 954 applied to all suits in Federal courts.

These cases, and many like them, would make decision of the question presented simple were it not for the fact that in the revision of the Judicial Code effective September 1, 1948, R.S. § 954, 28 U.S.C.A. § 777 was repealed. I find no explanation for such action in the reviser's notes. The issue resolves—can amendments of the kind in question be allowed absent the existence of the Federal statute, Section 954.

The cases hold the minor is the real party in interest in a suit prosecuted by next friend or guardian. While this might appear to be a significant distinction from a case prosecuted by an administratrix, and one relied on by respondents very heavily in opposing the substitution of party libelant, we consider the difference as to party in interest not a deciding one. In a suit by administratrix, as this case was originated, the status of the "administratrix", to fix it legally, is that of a trustee for those entitled to the recovery. The proceeds of recovery do not become a part of the estate but go to the next of kin, to the exclusion of creditors of the estate. Demattei v. Missouri-Kansas-Texas R. Co., 345 Mo. 1136, 139 S.W.2d 504. So the handling and disposition of proceeds of recovery is little changed by the change of capacity to sue sought by libelant.

We mentioned that the reviser's notes give no explanation for repeal of Section 954 from the U. S. Code. It is logically explained, if we look to the Federal Rules of Civil Procedure, 28 U.S.C.A., as covering the subject in civil actions, and if as to admiralty actions not covered by these rules we look to the admiralty rules.

Compare Admiralty Rule 23, 28 U.S.C.A., with repealed § 954. We find a striking similarity. § 954 authorized amendments to cure "defect, or want of form", generally. Rule 23 provides for "amendments in matters of form" and "in matters of substance * * *." In the Reardon case, referring to amendments of the character under consideration, the Court says: "The principles announced in these cases are clearly applicable to the circumstances presented here. As we have seen, no change has been worked in the *form or substance* of the cause of action set up. That remains in all respects the same. The father is now, as he was when the original complaint was filed, the real party in interest, for whose benefit, under the express language of the statute, the action may be maintained. He has then a right to have the action prosecuted, but the law says that that must be done through the instrumentality of the legal representative rather than that of the immediate beneficiary; and this *purely formal* requirement is all that is accomplished by the amendment allowed." (Emphasis added.)

All that is sought by libelant here is to change her representative capacity from administratrix to natural guardian or next

friend. No change whatever is made in the charge against repondents upon which libelant seeks recovery. Respondents argue that amendments are not allowed as freely in admiralty as under the Federal Rules of Civil Procedure.[1] We find no case commenting on that comparison, but in The Hamilton, 2 Cir., 1906, 146 F. 724, 728, in approving an amendment of parties, the Court compared amendments in admiralty proceeding and common law actions, and found: "As before stated all the facts were before the court showing that the claimants were both widows and administratrices and the amendment allowing them to say that they claimed as widows permitted no new cause of action, created no surprise and required no additional proof. Such amendments are being constantly granted and particularly so in the admiralty where the practice is much more liberal in this regard than in the courts of common law."

In the case of The Beaconsfield, 158 U.S. 303, 15 S.Ct. 860, 39 L.Ed. 993, notice is taken that in admiralty, under Rule 24, now Rule 23, "amendment in matters of substance may be made" and:

"The statutory provision that the action must be brought in the name of the executor or administrator of the deceased does not appear to be a condition precedent essential to the existence of the right and a necessary jurisdictional prerequisite to the power of the court to entertain the action, but is a matter amendable by making the person of the party ultimately to recover conform to the requirements of the statute. The right is created when the tort is complete; the party to assert that right is a matter of incident and within the sphere of amendment."

Section 1653, Title 28, effective September 1, 1948, provides defective allegations of jurisdiction may be amended.

Compare the reasoning of the admiralty decisions allowing amendments under Rule 23 with what impresses us as similar reasoning under repealed Section 954 of the Code. The case of Missouri, K. & T. R. Co. v. Wulf, 226 U.S. 570, 33 S.Ct. 135, 137, 57 L.Ed. 355, is one of the latter class. In the Wulf case a sole surviving parent, in her individual capacity, brought suit to recover damages for death of her unmarried son. The suit was under the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq., and no such action was given. She was permitted to amend to sue in a representative capacity after the limitation period.

"an amendment that, without in any way modifying or enlarging the facts upon which the action was based, in effect merely indicated the capacity in which the plaintiff was to prosecute the action. The amendment was clearly within § 954, Rev. Stat.U.S.Comp.Stat.1901, p. 696.

"Nor do we think it was equivalent to the commencement of a new action, so as to render it subject to the two years' limitation prescribed by § 6 of the employers' liability act. The change was in *form* rather than in substance (Stewart v. Baltimore & O. R. Co. 168 U.S. 445, 18 S.Ct. 105, 42 L.Ed. 537. It introduced no new or different cause of action, nor did it set up any different state of facts as the ground of action, and therefore it related back to the beginning of the suit." (Emphasis added.)

Of further bearing on the instant case is the following from the same authority: "It is true the original petition asserted a right of action under the laws of Kansas, without making reference to the act of Congress. But the court was presumed to be cognizant of the enactment of the employers' liability act, and to know that, with respect to the responsibility of interstate carriers by railroad to their employees injured in such commerce after its enact-

---

1. Admiralty Rule 44 authorizes local District Court rules. Admiralty Rule V-4 of the U. S. District Court for this district reads: "Whenever from the death of any of the parties or change of interest in the suit, defects in the pleading or proceedings, or otherwise, new parties to the suit are necessary, the persons required to be made parties may be made such either by petition on their part or by petition of the adverse party, upon proper notice and opportunity for hearing."

ment, it had the effect of superseding state laws upon the subject."

It can be reasoned, if need were present —if the Court "was presumed to" read its knowledge of the law into the petition in the Wulf case as to the statute under which plaintiff's rights, if any, were to be asserted, why should not a like rule require this Court, on seeing the libel and its allegations as to children, to read into it that libelant could maintain the action for such children not as administratrix but as natural guardian for such children.

■ We interpret the Federal cases to hold libelant's motion to amend presents a procedural question. The Federal Rules of Civil Procedure have no application to admiralty cases but they do support our conclusion that the amendment is formal, and procedural. Rule 15(a, c). Rule 17(a) authorizes a "guardian" to sue in his own name without joining with him the party for whose benefit the action is brought. See Rule 21 for adding new parties. Rule 25(a) sets its own statute of limitations on certain substitution of parties.

So far as we know, to this date the Supreme Court has confined the Erie doctrine (Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487) to diversity cases. This is not one. And even in diversity cases the mandate of the rule of decision act applies to substantive law and not procedural rules. Respondents would have the question decided as one solely of substantive law.[2]

To allow the amendment does destroy respondents' plea of statute of limitations. The following Federal cases have permitted amendment relating back, avoiding the statute of limitations, where there was a change in parties plaintiff as noted. In Keystone Coal & Coke Co. v. Fekete, 6 Cir., 1916, 232 F. 72, certiorari denied 242 U.S. 635, 37 S.Ct. 18, 61 L.Ed. 539, the change was from administrator to surviving relatives; in McDonald v. State of Nebraska, 8 Cir., 1900, 101 F. 171, from Treasurer of State to State; in Jacobs v. Pennsylvania R. Co., D.C.Del.1934, 31 F.Supp. 595, from administrator to parents; in Quin v. Kansas City Southern Ry. Co., D.C.La.1934, 8 F.Supp. 78, the widow as administratrix was allowed to join individually and for minor children.

The original suit was brought within the year. Respondents then had knowledge that minor children survived the deceased father and the nature of the claim, all prior to the running of the statute of limitations. Under these circumstances, Justice Holmes said in N. Y. Cent. & H. R. R. Co. v. Kinney, 260 U.S. 340, 43 S.Ct. 122, 123, 67 L.Ed. 294: "Of course an argument can be made on the other side, but when a defendant has had notice from the beginning that the plaintiff sets up and is trying to enforce a claim against it because of specified conduct, the reasons for the statute of limitations do not exist, and we are of opinion that a liberal rule should be applied."

2. We find some apparent conflict in the decisions of the Supreme Court on application of a State statute of limitations. Cope v. Anderson, 1947, 331 U.S. 461, 67 S.Ct. 1340, 91 L.Ed. 1602, holds that in equity cases, based on a Federal statute, in the absence of a Federal statute of limitations, the State statute where the cause arose would be applied. See Holmberg v. Armbrecht, 327 U.S. 392, loc. cit. 396, 66 S.Ct. 582, 584, 90 L.Ed. 743, 162 A.L.R. 719, where the same Court declares "statutes of limitation are not controlling measures of equitable relief" in Federal courts where federally created rights are involved. It has been held that a court

of admiralty has incidental chancery powers and may afford some degree of equity relief in matters subsidiary to the cause of action. See Watts v. Camors, 115 U.S. 353, 6 S.Ct. 91, 29 L.Ed. 406. Here libelant is pursuing a cause of action given by State statute in an admiralty court.

We find in some admiralty cases the Court, on an issue of limitation by statute, discussing the subject of laches in determining whether or not to enforce the statute. The Harrisburg (Lewis et. al. v. Rickards), 119 U.S. 199, 7 S.Ct. 140, 30 L.Ed. 358; The Sydfold, 2 Cir., 86 F.2d 611; Mejia v. United States, 5 Cir., 152 F.2d 686.

The cases of Swanson v. Atlantic, Gulf & Pacific Co., D.C., 156 F. 977, and Davis v. Mills, 194 U.S. 451, 24 S.Ct. 692, 48 L. Ed. 1067, cited by respondents, although in admiralty, had to do with suits originally brought after the statute of limitations had run and for that reason we do not think they are applicable here. Even when effect is given to the rule that amendments relate back to the original action, they still are beyond the limitation period in filing the action.

We find no Federal case where the exact substitution of parties here involved was passed on, but the cases cited, we think, show the weight of authority supports the request of libelant, that it is formal in nature and should under the admiralty rules, equity powers incidental to admiralty, and Federal decisions on substitution as a procedural policy to safeguard the administration of justice be granted.