**Ruth CROWDER, Mother and Next Friend of Walter Paul Crowder and David Douglas Crowder, Minors, Appellant,**

v.

**GORDONS TRANSPORTS, INC., a Corporation, Appellee.**

**No. 18867.**

United States Court of Appeals
Eighth Circuit.

Dec. 29, 1967.

P. H. Hardin, Bradley D. Jesson, Robert T. Dawson of Hardin, Barton, Hardin & Jesson, Fort Smith, Ark., Floyd Rogers, and Ralph W. Robinson, Van Buren, Ark., filed brief for appellant.

Wright, Lindsey & Jennings, Little Rock, Ark., and Shaw, Jones & Shaw, Fort Smith, Ark., filed brief for appellee.

Before VAN OOSTERHOUT, MEHAFFY and HEANEY, Circuit Judges.

VAN OOSTERHOUT, Circuit Judge.

The issue presented by this timely appeal, taken by Ruth Crowder, mother

and next friend of Walter Paul Crowder and David Douglas Crowder, minors, is whether the court erred in dismissing her amended complaint seeking damages from defendant, Gordons Transports, Inc., for wrongful death of the father of the named minor children. More specifically, the issue is whether the amended complaint relates back to the date of the filing of the original complaint for the purpose of determining whether the action was commenced within the time required by the governing Missouri statute creating the right of action.

The pertinent facts are not in dispute. Walton W. Crowder, a resident of Arkansas and father of the minor children, was fatally injured in a motor vehicle collision on July 27, 1965. He died the same day as a result of such injuries. The accident occurred in Missouri, less than one mile from the Arkansas border.

Defendant is a Tennessee corporation engaged in interstate transportation of freight in Missouri, Arkansas and other states, and has a branch office in Arkansas.

A complaint, with jurisdiction based upon diversity of citizenship, seeking damages for the wrongful death of Mr. Crowder, was filed in the United States District Court for the Western District of Arkansas on July 12, 1966, naming Ruth Crowder, administratrix of the estate of the decedent, as plaintiff. Such complaint sought damages for the death of Mr. Crowder and asserted his death was proximately caused by the negligence of defendant's driver. The complaint asserted that the decedent was survived by his wife and two minor sons, hereinabove named. Damages sought were as follows:

1. $100,000 for Walter Paul Crowder, minor son.

2. $150,000 for David Douglas Crowder, minor son.

3. $150,000 for Ruth Crowder as surviving widow.

4. $1500 for administratrix for funeral expenses.

Items 3 and 4, supra, were dropped by the amended complaint and upon this appeal we are concerned only with claims 1 and 2 of the minor sons.

Defendant, by answer filed August 1, 1966, denied liability and asserted that the Missouri wrongful death statute controlled and that the action was not commenced within the time required by such statute, and that hence plaintiff was entitled to no relief. A motion to dismiss was filed December 9, 1966, and raised the issue that plaintiff failed to state a claim upon which relief can be granted and asserted substantially the same defense stated in the answer. Before such motion was ruled upon, the administratrix sought, and by order of court dated December 22, 1966, was granted thirty days "within which time counsel may serve and file an amendment to the complaint in this cause on behalf of the heirs at law of Walton W. Crowder, deceased." Amended complaint was filed on January 21, 1967, which substitutes Ruth Crowder as mother and next friend of the two named minor children as plaintiff, and reasserting the material allegations of the complaint and the wrongful death claim of the two minors, and praying for judgment for $25,000, the limit of recovery under the Missouri statute.

On February 1, 1967, defendant filed a motion to dismiss the amended complaint, urging, "Under the applicable Missouri wrongful death statutes, the cause of action asserted by the plaintiff in the Amended Complaint is barred by the statute of limitations which is a part of the statute creating the right of action; the Amended Complaint fails to state a claim upon which relief can be granted."

The court on February 12, 1967, sustained the motion to dismiss and entered final order dismissing both the original complaint and the amended complaint. The court's memorandum opinion discussing in depth the facts and applicable law is reported at 264 F.Supp. 137.

██ In its opinion, the court recognized the well-established law that

wrongful death actions were not recognized at common law and that such actions must be based upon a statutory foundation. The court, upon the authority of McGinty v. Ballentine Produce, Inc., 1966, 241 Ark. 533, 408 S.W.2d 891, held that under Arkansas law an action for wrongful death is based upon the statute of the place where the injury occurred and that since the injury here involved occurred in Missouri, the substantive law of Missouri applies to this wrongful death action. No challenge is made to such determination, so we are not here confronted with the issue of whether the Arkansas court, under the circumstances of this case, would depart from the lex loci delicti rule in favor of the forum preference or more significant contact rule.[1]

Glick v. Ballentine Produce, Inc., 8 Cir., 343 F.2d 839, like our present case involves an action brought in Arkansas for a wrongful death based upon injuries inflicted in Missouri. We there held, as the trial court held here, that under Arkansas law the law of Missouri, the place of the injury, is applied in wrongful death actions commenced in Arkansas. We also set out and discuss the Arkansas and Missouri wrongful death statutes. We summarize the applicable Missouri law as follows:

"In Missouri, the cause of action is created by § 537.080 V.A.M.S.; and shall be commenced within one year after the cause of action accrues, § 537.100. The surviving spouse has the right to institute the action within six months after the death of the deceased. If there be no surviving spouse or he or she fails to sue within six months, the surviving minor child or children may institute the cause of action. If there be no surviving spouse, minor child or children, then suit may be instituted by the administrator or executor of the deceased. Forehand v. Hall, 355 S.W.2d 940 (Mo.1962). The amount recoverable as damages is limited to $25,000. § 537.090 V.A.M.S." 343 F.2d 839, 842.

In view of our agreement with the trial court that Missouri law applies, we see no need to summarize the Arkansas law. However, it is appropriate to state that the original complaint conforms to Arkansas law which places the cause of action in the administrator.

▮ We are satisfied that the trial court reached a permissible conclusion upon the basis of Arkansas and Missouri law set forth in its opinion when it held that the substantive Missouri law controls this wrongful death action and that an action must be commenced in the manner set forth in the Missouri statute and within the time therein prescribed.

It is firmly established that the original complaint was filed more than six months after the decedent's death and within twelve months of such event and hence, that the action was filed within the time fixed by Missouri law for the commencement of wrongful death actions by children of the party wrongfully killed.

We now reach the crucial issue in this case, which is whether the amended complaint relates back to the time of the filing of the original complaint. If relation back exists, it is clear that the action was commenced within the time prescribed by the Missouri statute and by a party authorized to sue by such statute.

Since it is clear under the Federal Rules of Civil Procedure, as hereinafter explained, that the amended complaint filed relates back and grave doubt exists

---

1. In McGinty v. Ballentine Produce, Inc., 241 Ark. 533, 408 S.W.2d 891, 893, the Arkansas court, after citing authorities supporting the forum preference rule, adheres to the lex loci delicti rule but states: "We recognize that some courts, and a growing number of Law Review writers are going to the so-called 'forum preference' rule. We cannot now say whether this Court will, in a stronger case than the one here presented, abandon the 'lex loci deliciti' rule in favor of the 'forum preference' rule; but in the case at bar we adhere to the lex loci delicti rule * * *"

whether relation back would be operative under Missouri law,[2] it is essential that we determine whether state or federal law governs in determining the relation back issue. This in turn depends upon whether the problem is one of substantive law or procedure.

The trial court did not directly decide the issue of whether state or federal law applies. It did reject plaintiffs' claim that Rule 15, Fed.R.Civ.P., calls for relation back in the present situation and it asserted the 1966 amendments to Rule 15 have no application. It then proceeds to determine that no relation back is permissible on the basis of the Missouri cases which it cites.

■ We are of the view that the issue of relation back is one of procedure and is controlled by the Federal Rules of Civil Procedure. In Russell v. New Amsterdam Cas. Co., 8 Cir., 303 F.2d 674, a case arising under the Nebraska wrongful death statute, we determine that the widow, who had timely instituted the action in her individual capacity as sole heir, could amend her complaint after the expiration of the limitation period to substitute herself as plaintiff in the capacity of administratrix and that such amendment related back to the time of the filing of the original complaint. After citing and discussing numerous pertinent cases, we hold:

> "In summary, we hold that under the circumstances, the amendment did not introduce a new and different cause of action, but went to the right to pursue the same cause of action alleged in the original complaint; that the amendment was therefore procedural, bringing into play Rule 15(c) of the Federal Rules of Civil Procedure, Title 28 U.S.C.A., which provides that when the claim asserted in the amended pleading arose out of the conduct, transaction or occurrence set forth in the original pleading, the amendment relates back to the original pleading, and, finally, the court improperly dismissed appellant's cause of action on the ground that it was barred by the statute of limitations." 303 F.2d 674, 680–681.

We adhere to the view there stated. See also Bochantin v. Inland Waterways Corp., 9 F.R.D. 592, 596.

While we reached a different result in *Glick*, supra, such result in no way impairs the validity of our views stated in *Russell* quoted above. The opinions in both *Glick* and *Russell* were written by Judge Matthes. The distinguishing feature in *Glick* is that no attempt was made to amend. As stated by our opinion in that case:

> "The Court took cognizance of the federal rule that a complaint should not be dismissed with prejudice unless the plaintiffs could prove no facts in support of their claim which would allow them to recover, and entered an order granting appellants twenty days to file an amended complaint."

---

2. In Forehand v. Hall, Mo., 355 S.W.2d 940, the widow as administratrix filed a wrongful death action more than six months but less than twelve months after the wrongful death. A motion to substitute a minor child not mentioned in the original complaint as plaintiff was denied and the action was dismissed. The court correctly held that the widow had no cause of action either as widow or administratrix at the time of the filing of the complaint. The court in its opinion indicates that the administratrix "did not purport to sue as a representative of the minor child or manifest any intent to sue in such capacity," and later, that "there was no expressed intention on the part of the administratrix to bring the original action for the minor child." In our present case, the complaint manifests an intent to obtain a recovery for the minors. Such factual difference could be of significance to the Missouri court in deciding the issue before us. The recent federal rule changes and supporting comments might also be persuasive. However, in view of the broad statements made in the Missouri cases relied upon by the trial court, we cannot say with any degree of certainty that the trial court misinterpreted the Missouri law of relation back as it applies to the facts presented in this case.

"Although they seemingly have recognized from the beginning that their complaint was deficient under Missouri law, they obstinately refused the opportunity to amend their complaint to state a cause of action." 343 F.2d 839, 841, 844.

Additional support for our view expressed in *Russell* is found in Hanna v. Plumer, 380 U.S. 460, 85 S.Ct. 1136, 14 L.Ed.2d 8. In that case, the issue was whether in a diversity action the state rules for service of process took precedence over the service authorized by Rule 4(d) (1). The Court held the problem was one of procedure controlled by federal rules despite the fact that the application of the state rule would have brought about a different result. The Court in the course of its opinion, among other things, holds:

"When a situation is covered by one of the Federal Rules, the question facing the court is a far cry from the typical relatively unguided *Erie* choice: the court has been instructed to apply the Federal Rule, and can refuse to do so only if the Advisory Committee, this Court, and Congress erred in their prima facie judgment that the Rule in question transgresses neither the terms of the Enabling Act nor constitutional restrictions."

"For the constitutional provision for a federal court system (augmented by the Necessary and Proper Clause) carries with it congressional power to make rules governing the practice and pleading in those courts, which in turn includes a power to regulate matters which, though falling within the uncertain area between substance and procedure, are rationally capable of classification as either."

"*Erie* and its offspring cast no doubt on the long-recognized power of Congress to prescribe housekeeping rules for federal courts even though some of those rules will inevitably differ from comparable state rules."

"To hold that a Federal Rule of Civil Procedure must cease to function whenever it alters the mode of enforcing state-created rights would be to disembowel either the Constitution's grant of power over federal procedure or Congress' attempt to exercise that power in the Enabling Act. Rule 4(d) (1) is valid and controls the instant case." 380 U.S. 460, 471, 472, 473–474, 85 S.Ct. 1136, 1144, 1145, 14 L.Ed.2d 8.

The relation back situation here confronting us appears to be fully and fairly covered by the Federal Rules of Civil Procedure as amended in 1966. The 1966 amended rules became effective on July 1, 1966, and apply to all actions commenced thereafter. See Amendments to Federal Rules of Civil Procedure, 383 U.S. 1029, 1031. This action was commenced on July 12, 1966. Accordingly the amended rules apply.

The trial court, as it was authorized to do by Rule 15(a), authorized the filing of the amended complaint and such authorization is not here attacked.

Rule 15(c) as it existed prior to the 1966 amendment read:

"Relation Back of Amendments. Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading."

Such rule has been retained. The 1966 amendment inter alia adds:

"An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him."

The Advisory Committee note on the Rule 15(c) amendment states in part:

"In actions between private parties, the problem of relation back of amendments changing defendants has generally been better handled by the courts, but incorrect criteria have sometimes been applied * * *. Rule 15(c) has been amplified to provide a general solution. * * *

"The relation back of amendments changing plaintiffs is not expressly treated in revised Rule 15(c) since the problem is generally easier. Again the chief consideration of policy is that of the statute of limitations, and the attitude taken in revised Rule 15(c) toward change of defendants extends by analogy to amendments changing plaintiffs. Also relevant is the amendment of Rule 17(a) (real party in interest). To avoid forfeitures of just claims, revised Rule 17(a) would provide that no action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed for correction of the defect in the manner there stated." 28 U.S.C.A. Rule 15, 1966 Cum.P.P., Notes pp. 83–84.

The addition to Rule 17(a) by the 1966 amendment referred to in the comment to Rule 15, supra, provides:

"No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest; and such ratification, joinder, or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest."

The Advisory Committee comment on the amendment includes:

"This provision keeps pace with the law as it is actually developing. Modern decisions are inclined to be lenient when an honest mistake has been made in choosing the party in whose name the action is to be filed—in both maritime and nonmaritime cases. See Levinson v. Deupree, 345 U.S. 648, [73 S.Ct. 914, 97 L.Ed. 1319 (1953)]; Link Aviation, Inc. v. Downs, [117 U.S. App.D.C. 40,] 325 F.2d 613 (1963). The provision should not be misunderstood or distorted. It is intended to prevent forfeiture when determination of the proper party to sue is difficult or when an understandable mistake has been made. * * *" 28 U.S.C.A. Rule 17, Cum.P.P. Notes p. 5.

We also note that Rule 17(c) provides in part: "The court shall appoint a guardian ad litem for an infant or incompetent person not otherwise represented in an action or shall make such other order as it deems proper for the protection of the infant or incompetent person."

It appears to us that Rules 15(c) and 17(a) as amended clearly are designed to and in fact do cover the relation back situation here presented.

We believe that the plain language of such rules compels the result we reach but if any interpretation problem should exist, we observe that the Supreme Court in Surowitz v. Hilton Hotels Corp., 383 U.S. 363, 373, 86 S.Ct. 845, 851, 15 L. Ed.2d 807, states:

"These rules were designed in large part to get away from some of the old procedural booby traps which common-law pleaders could set to prevent unsophisticated litigants from ever having their day in court. If rules of procedure work as they should in an honest and fair judicial system, they not only permit, but should as nearly as possible guarantee that bona fide complaints be carried to an adjudication on the merits."

No attack is made nor is any reason apparent why such rules are not within the constitutional and statutory powers given to the Supreme Court to adopt rules of procedure. No fraud, forum-shopping or improper conduct on the part of the minors with respect to instituting this action is shown. Since the ad-

ministratrix is the proper person to bring a wrongful death action in Arkansas and a reasonable basis exists, as set out in footnote 1, for urging that the substantive law of Arkansas should control, any mistake in bringing the action initially in the name of the administratrix is understandable and excusable. In a similar situation, the late Judge Hulen in Bochantin v. Inland Waterways Corp., 9 F.R.D. 592, 594, stated:

"The cases hold the minor is the real party in interest in a suit prosecuted by next friend or guardian. While this might appear to be a significant distinction from a case prosecuted by an administratrix, and one relied on by respondents very heavily in opposing the substitution of party libelant, we consider the difference as to party in interest not a deciding one. In a suit by administratrix, as this case was originated, the status of the 'administratrix', to fix it legally, is that of a trustee for those entitled to the recovery. The proceeds of recovery do not become a part of the estate but go to the next of kin, to the exclusion of creditors of the estate. Demattei v. Missouri-Kansas-Texas R. Co., 345 Mo. 1136, 139 S.W.2d 504. So the handling and disposition of proceeds of recovery is little changed by the change of capacity to sue sought by libelant."

Defendant was given proper notice of the filing of the original complaint. While such complaint names the mother in her capacity as administratrix as plaintiff, the complaint clearly sets out that the decedent left surviving him the two minor children here involved and that the relief is being sought on behalf of such minors. Paragraph VIII of the original complaint reads:

"As the result of the wrongful death of the decedent, Walter Paul Crowder has lost and has been deprived of financial contributions for support, maintenance and education, the advice and guidance of and from his father, of the protective physical, intellectual and moral training of his father, and has suffered mental anguish, for all of which plaintiff is entitled to recover of and from the defendant for the use and benefit of said Walter Paul Crowder, the sum and amount of One Hundred Thousand ($100,000.00) Dollars."

Paragraph IX contains substantially the same allegations with respect to David Douglas Crowder and asserts $150,000 in damages were suffered by him. Thus, defendant was clearly advised by the original complaint that each of the minors was seeking damages against it for wrongful death of their father, and defendant was in no way prejudiced by the failure to name the mother as next friend rather than as administratrix in such original complaint.

It is quite true that the original complaint improperly included a claim for the widow individually and as administratrix. All claims except those of the minors have been eliminated by the amended complaint. The fact that more damages were claimed in the original complaint than were permitted by the Missouri statute is not a fatal defect. The statutory limitations of course apply to all wrongful death actions.

Upon the record in this case, we hold that the Federal Rules of Civil Procedure control on the relation back issue and that under such rules, the amended complaint relates back to the filing of the original complaint. The original complaint was filed within the time prescribed by the applicable Missouri statute. The court erred in dismissing the amended complaint. We express no view on the merits of the action.

Reversed and remanded to the trial court for further proceedings consistent with the views herein expressed.