Peter W. ROTELLA, Administrator of the Estate of Deborah Evans, Deceased, Plaintiff-Appellant,

v.

Patricia JOSEPH and Willard W. Hutchison, Defendants-Respondents.

No. 11975.

Missouri Court of Appeals,
Southern District,
Division One.

April 6, 1981.

Motion for Rehearing or to Transfer Denied May 1, 1981.

Application to Transfer Denied June 8, 1981.

Stephen H. Ringkamp, Hullverson, Hullverson & Frank, Inc., St. Louis, for plaintiff-appellant.

Noble I. Leighton, Greene, Curtis & Leighton, Springfield, for defendant-respondent Joseph.

Mark E. Gardner, Lynn C. Rodgers, Woolsey, Fisher, Whiteaker, McDonald & Ansley, Springfield, for defendant-respondent Hutchison.

FLANIGAN, Judge.

Does a two-month-old girl lose her cause of action for the wrongful death of her unmarried mother because a lawsuit, timely filed, was not commenced in her name by a next friend but was filed, expressly on her behalf, by a foreign administrator? The issue is easier to state than to resolve.

This is an action for the wrongful death of Deborah Evans who died on June 28, 1977, as a result of a two-vehicle collision which occurred on that date in Douglas County, Missouri. Decedent was a resident of Connecticut. Plaintiff is Peter W. Rotella, administrator of the estate of Deborah Evans, deceased, who was appointed by a Connecticut probate court. Defendant Joseph, a citizen of Connecticut, was the driver of the vehicle in which the decedent was riding, and defendant Hutchison, a Missouri resident, was the driver of the other vehicle.

The petition, filed June 17, 1978, in the circuit court of Douglas County, alleged that the collision and death resulted from the concurring negligence of both defendants. The petition also alleged that Marissa Joyleen Evans, who was born on April 23, 1977, "was the only child and survivor of the decedent" and that "as result of the death of Deborah Evans, this administrator brings action for wrongful death on behalf of her sole survivor, Marissa Joyleen Evans and prays for damages as provided by law for her wrongful death."

In November 1979 each defendant filed a motion for summary judgment, (Rule 74.-04).[1] Both motions were sustained. Plaintiff appeals.

Various documents filed in the trial court, and the briefs of the parties filed in this court, make it clear that the basis of the trial court's ruling was that the Missouri wrongful death statute, § 537.080 RSMo 1969, controlled the issue of who was the correct plaintiff and that the Connecticut administrator lacked standing to institute this action on behalf of the surviving child.

Plaintiff asserts that the ruling of the trial court was erroneous on several grounds, including: (a) "Connecticut law provides that actions for wrongful death shall be brought by the administrator of the estate of the decedent, and Connecticut law has the most significant relationship to the determination of this particular issue where a two-car collision occurred in Missouri; one of the vehicles was operated by a Missouri resident; the other vehicle was operated by a Connecticut resident; the decedent, sister of the Connecticut operator and a passenger in her vehicle, was a Connecticut resident; the beneficiary, minor daughter of the deceased, and the plaintiff administrator of the deceased were Connecticut residents; and the Missouri operator had no interest in the nominal party plaintiff or the manner of distributions of the proceeds of a wrongful death action," and (b) Although the action was "nominally" filed by the foreign administrator, the petition alleged that the action was filed "on behalf of the sole beneficiary and minor daughter of the decedent" and, under Missouri procedure, "the proceeding should not have been invalidated by the trial court" because the interests of Marissa were adequately protected.

If ground (a) is valid, the issue of who was the correct party to bring the action is governed by the Connecticut statute, § 52–555 (Conn. Gen. Statutes).[2] In support of ground (a) plaintiff relies on *Kennedy v. Dixon*, 439 S.W.2d 173 (Mo. banc 1969) and

---

1. Unless otherwise indicated all references to rules are to Missouri Rules of Court, V.A.M.R.

2. § 52–555. "In any action surviving to or brought by an executor or administrator for injuries resulting in death, . . . such executor or

administrator may recover from the party legally at fault for such injuries just damages . . ." See *Foran v. Carangelo*, 153 Conn. 356, 216 A.2d 638 (1966).

cases decided in its wake. *Kennedy* dealt with "the basis on which the choice of law in tort cases should be made." In *Kennedy*, at p. 184, the court said, "We have concluded that we should abandon the inflexible lex loci delicti rule in favor of the rule set forth in § 145 of the Proposed Official Draft of Restatement (Second) on Conflict of Laws." [Adopted May 23, 1979.]

Ground (b), on the other hand, assumes that the issue of who is the correct party plaintiff is governed by § 537.080 RSMo 1969. *Defendants* take the position that the assumption is valid. Although the parties devote the major portions of their briefs to ground (a), ground (b) will be considered first.

" 'A party suing under the [wrongful death] statute referred to must bring himself in his pleading and proof strictly within the statutory requirements necessary to confer the right. Otherwise his petition states no cause of action, and his proof is insufficient to sustain his judgment. Only such persons can recover (and in such time and in such manner) as the letter of the law prescribes. Only such persons may sue as the statute permits, and they alone can sue. * * * It must "be conceded that the section reserves to itself the exclusive power of naming those who can maintain the action and of fixing the time in which each of the enumerated persons could sue." ' *Chandler v. Chicago & Alton Railroad Company*, 251 Mo. 592, 600–601, 158 S.W. 35, 37." *Nelms v. Bright*, 299 S.W.2d 483 (Mo. banc 1957).

When the death of Deborah Evans occurred and the instant action was instituted, the Missouri wrongful death statute was § 537.080 RSMo 1969. That statute provided, in pertinent part, that damages for wrongful death "may be sued for and recovered

"(1) By the spouse or minor children, natural or adopted, of the deceased, either jointly or severally; . . . or

"(2) If there be no spouse or minor children or if the spouse or minor children fail to sue within one year after such death, or if the deceased be a minor and unmarried, then by the father and mother, natural or adoptive, who may join in the suit, and each shall have an equal interest in the judgment; . . . or

"(3) If there be no husband, wife, minor child or minor children, natural born or adopted as herein indicated, or if the deceased be an unmarried minor and there be no father or mother, then in such case suit may be instituted and recovery had by the administrator or executor of the deceased, and the amount recovered shall be distributed according to the laws of descent."

Section 537.100 RSMo 1969, provided, in part: "Every action instituted under 537.-080 shall be commenced within two years after the cause of action shall accrue. . . ."

"Those statutes [§ 537.080 and § 537.100] were amended and reenacted in 1967. The amendments have been described as follows: 'There was no change in the basic theory of the Wrongful Death Act. The class of persons who had first priority to sue was changed, the time in which they were permitted to sue was extended to one year, and the maximum period in which any suit could be brought was extended from one year to two years. Therefore, the construction of the Wrongful Death Act prior to the 1967 amendments which resulted in the present Act is applicable to the present Act, subject only to the changes made in the definition of classes and the lengthening of the periods of limitation.' *Wessels v. Gipfel*, 522 S.W.2d 653, 656 (Mo.App.1975)." *State ex rel. Kan. City Stock Yards v. Clark*, 536 S.W.2d 142, 144[3] (Mo. banc 1976).

In *Clark*, at p. 144, the court approved the following language from *Barker v. Hannibal & St. J. R. Co.*, 91 Mo. 86, 14 S.W. 280, 281 (1886): "In conferring the right of action, and in providing such remedy, in designating when and by whom suits may be brought, it was, as a matter of course, competent for the legislature to provide and impose such conditions as it might deem proper, and the conditions thus imposed modify and qualify the right of recovery, or form rather, we think, a part of the right itself, and upon which its exercise depends."

"The wrongful death cases decided by the appellate courts of this state have established certain principles which have been uniformly followed by our courts. They are: (1) The statute provides for one indivisible claim for the death of a person which accrues on the date of death. (2) The claim vests first in the spouse and minor children either jointly or severally. (3) If the deceased left surviving a father or mother the spouse and minor children must exercise their preferred right by filing suit within one year from the date of death. (4) If the spouse and minor children fail to sue within one year the claim passes to and vests in the father and mother or the survivor.... (7) The party having the right to enforce the claim has absolute control over it during the period specified and may file suit or settle without suing. (8) There is but one claim for relief and if not enforced by one class during the period specified it passes to another class of beneficiaries. (9) When a claim is appropriated by one preferential beneficiary it completely terminates all rights of any others mentioned in the statute with the exception that if the person so appropriating dies during the limitation period without having completed enforcement the next alternative claimant may file suit within the two year limitation period, and (10) Unless a tolling situation exists the suit must be filed within two years from date of death." *Clark*, supra, 536 S.W.2d at p. 145.

Deborah Evans, on the date of her death, was an unmarried adult survived by her infant daughter Marissa and by her parents. Under the principles stated in *Clark*, the claim for her wrongful death vested first in Marissa. It was incumbent upon Marissa to exercise her "preferred right by filing suit within one year from the date of death." If Marissa failed to sue within one

year the claim passed to Deborah's parents.[3] The instant action was timely filed *if it may properly be said that Marissa sued.*

■ If § 537.080 controls the issue of who is the correct plaintiff, an assumption inherent in ground (b), the fact that the instant administrator is a foreign administrator rather than one appointed by a Missouri probate court does not affect the validity or invalidity of ground (b). The word "administrator," as used in the wrongful death statute, includes a foreign administrator as well as a Missouri administrator. *Demattei v. Missouri-Kansas-Texas R. Co.*, 345 Mo. 1136, 139 S.W.2d 504 (1940).

In an action under the wrongful death statute several Missouri cases have involved the situation where the original plaintiff was not the correct one as prescribed by the statute, and an attempt was made, after the period for filing suit by the correct plaintiff had expired, to substitute the correct plaintiff for the incorrect one. In some cases the attempt was successful, and the substitution related back to the filing of the original petition so as to make the action timely. In other cases the attempt was unsuccessful. Immediately after the citations to the following cases, some involving successful attempts and others involving unsuccessful attempts, the numeral 1 immediately precedes the designation of the original or actual plaintiff(s) and the numeral 2 immediately precedes the designation of the correct plaintiff(s).

Successful attempts: *Moore v. Watson*, 554 S.W.2d 537 (Mo.App.1977). (1. Administrator, who was the father; 2. Father and mother.) *Tice v. Milner*, 308 S.W.2d 697 (Mo.1957). (1. Four children; 2. Five children.) *Nelms v. Bright*, 299 S.W.2d 483 (Mo. banc 1957). (1. One child; 2. Two children.) *Slater v. Kansas City Terminal*

---

3. In *Cannada v. Moore*, 578 S.W.2d 597, 600 (Mo. banc 1979) the court held that parents of an unmarried adult decedent are included within the class of those entitled to proceed under § 537.080(2) RSMo 1969. To similar effect see *Wessels v. Gipfel*, 522 S.W.2d 653 (Mo.App. 1975).

In *Cannada* the court, 578 S.W.2d at p. 600, said: "Decedent here is an *unmarried adult*

who left no spouse or minor children that might qualify to appropriate the action under § 537.080(1)." (Emphasis in original.) In the case at bar Deborah left one minor child. None of the parties claims that Marissa is deprived of her rights under § 537.080(1) merely because she had no sibling.

*Ry. Co.*, 271 S.W.2d 581 (Mo.1954). (1. Administratrix, who was the widow; 2. Widow.) *Pyle v. University City*, 279 S.W. 217 (Mo.App.1926). (1. Parents; 2. Administrator, who was the father.) *Drakopulos v. Biddle*, 288 Mo. 424, 231 S.W. 924 (1921). (1. Administrator, who was *not* the widow; 2. Widow—action under Kansas wrongful death act.)[4] *Cytron v. St. Louis Transit Co.*, 205 Mo. 692, 104 S.W. 109 (1907). (1. Father; 2. Father and mother.) *Buel v. The St. Louis Transfer Co.*, 45 Mo. 562 (1870). (1. Mother; 2. Mother and father.) *Bochantin v. Inland Waterways Corporation*, 9 F.R.D. 592 (E.D.Mo.1950). (1. Administratrix; 2. Children—under "admiralty rules, equity powers incident to admiralty and federal decisions.")

Unsuccessful attempts: *State ex rel. Jewish Hospital, Etc. v. Buder*, 540 S.W.2d 100 (Mo.App.1976). (1. Adult child; 2. Administratrix, who was the child.) *Forehand v. Hall*, 355 S.W.2d 940 (Mo.1962). (1. Administratrix; 2. Minor child.) *Fair v. Agur*, 345 Mo. 394, 133 S.W.2d 402 (1939). (1. Administratrix; 2. Children.) *Goldschmidt v. Pevely Dairy Co.*, 341 Mo. 982, 111 S.W.2d 1 (1937). (1. Widow; 2. Children.)

In *Forehand*, where several of the foregoing cases are discussed, the court said, 355 S.W.2d at p. 945:

"The rule in this state is that where a suit for wrongful death is instituted within the one-year period of limitation by one who has no legal right to maintain the suit in the capacity in which suit is filed but who has a beneficial interest in the subject matter of the action, which interest plaintiff alleges by intendment, *Slater v. Kansas City Terminal Ry. Co.*, supra, 271 S.W.2d l.c. 583, or is filed by some, but not all, of the persons entitled to bring such action, *Nelms v. Bright*, Mo.Sup., 299 S.W.2d 483, 491[19]; *Tice v. Milner*, Mo.Sup., 308 S.W.2d 697; *Cytron v. St. Louis Transit Co.*, 205 Mo. 692, 104 S.W. 109, the substitution by amendment of the plaintiff suing in the proper capacity, or the joinder of the necessary additional parties plaintiff, after the lapse of the one-year period, will relate back to the time of filing the original action and the intervening running of the statute of limitations will not bar the maintenance of the suit by the substituted plaintiff; but where the original action is improperly filed by a stranger to the action who has no legal or beneficial interest in its subject matter, the substitution of a proper party plaintiff after the statute of limitations has run will not relate back, but will be treated as a new action, which is barred by the statue of limitations."

At first blush the inquiry might be considered to be, is Peter W. Rotella, the Connecticut administrator, "a stranger to the action who has no legal or beneficial interest in its subject matter." On closer analysis, however, the inquiry properly is, *who* filed the action. Was it filed by the administrator, as the caption of the petition would indicate, or was it, in legal contemplation, filed by Marissa as the body of the petition would indicate?

In *Watson v. Watson*, 562 S.W.2d 329 (Mo. banc 1978), there was a will contest. The statutory steps implementing that type of action have been accorded, by the appellate courts of this state, procedural scrutiny as strict as that which has been given the Missouri wrongful death act. In *Watson*, the executor of the estate was named as a defendant, in the caption of the petition and in the summons, only in his capacity as executor. He was not named as a defendant in his individual capacity as a legatee. The body of the petition, however, named the executor as a defendant both in his representative capacity and as a legatee. The trial court sustained a motion to dismiss on the ground that the defendant had not been sued in his individual capacity. In reversing the order of dismissal, the supreme court held that the defendant "as a legatee was duly served as an *individual* though in the caption of the petition and in the summons he is referred to only in his

---

**4.** In *Drakopulos*, supra, 231 S.W. at 926, the court said: "Whether the action is brought by the administrator or the widow is a mere detail of procedure." That language was quoted with approval in *Slater v. Kansas City Terminal Ry. Co.*, 271 S.W.2d 581, 583 (Mo.1954).

capacity as executor." (Emphasis in original.) *Watson, supra,* at 331. The court, citing five cases, said at p. 332, "Generally the body of the pleading, not the caption, determines the parties necessary to the prosecution of the action." At p. 333 the court said: "[T]he technical defects in the caption and summons are correctable by appropriate amendment." The opinion does not reflect that the plaintiff requested leave to amend in the trial court.

In *Forehand, supra,* the decedent died on October 6, 1959. On October 5, 1960, the administratrix, who was the widow, filed a wrongful death action. The decedent was also survived by one minor child. In January 1961 there was an unsuccessful attempt to make the child plaintiff by substitution. Under § 537.080, as the statute then read, the widow had a right to sue within six months after the death and she did not do so. The right to maintain the action during the next six months was vested in the minor child but he did not file suit within that time.

"The statute of limitations therefore ran on the minor child's cause of action on October 6, 1960.... The institution of the suit by Goldie M. Cobb *as administratrix* on October 5, 1960 did not prevent the running of the one year statute of limitations. At that date no cause of action existed in the surviving wife *as a widow,* she not having sued within the six-month period following the accrual of her cause of action. At that date no cause of action existed in the surviving wife *as administratrix,* since deceased left surviving him a wife and minor child." (Emphasis in original.) *Forehand,* 355 S.W.2d at p. 944.

In *Forehand,* at p. 944, the court said: "There is no authority for an administratrix, suing in a representative capacity as trustee, to bring a wrongful death action for a surviving minor child.... Furthermore, minor child David was not a beneficiary of the estate under § 537.080 to whom any amount received by the administratrix or administrator d. b. n. could have been distributed. The distributees referred to in subsection (4) of § 537.080 do not include

the surviving spouse or minor child; they constitute a class of beneficiaries different and separate from the persons named in the first three subsections of § 537.080.... Where a spouse or minor child survives the deceased, no right of action ever arises or exists in the executor or administrator named in subsection (4)." The latter statement was made in construing a former version of § 537.080.

Under the version of § 537.080 involved in the case at bar, which is that appearing in RSMo 1969, it is clear that no right of action ever arises or exists in the administrator because Deborah Evans was survived by a minor child and by her parents and Deborah Evans was not an unmarried minor.

There is language in *Forehand,* however, which lends comfort to plaintiff. Referring to the original petition, that filed by the administratrix, the court said, at p. 944: "In fact, Goldie M. Cobb [the administratrix] did not purport to sue as a representative of the minor child or manifest any intent to sue in such capacity. On the contrary, she instituted her action *as administratrix,* (emphasis in original), alleging her appointment and the fact that she was acting as administratrix, and praying for damages that she, 'plaintiff,' had sustained. *Her petition revealed no intendment to maintain the action in the interests of the minor child David, in whom the claim was vested on October 5, 1960. The administratrix ignored his existence, not referring to him by name and not alleging that deceased left a minor child surviving him.*" Further, at p. 946, the court said: "In the instant case the party who originally commenced the action (the administratrix) was not 'beneficially interested' (but was a stranger to the cause of action) and the proposed amendment would not enable the next friend to 'sustain the action for the claim for which it was intended to be brought,' *because there was no expressed intention on the part of the administratrix to bring the original action for the minor child.*" (Emphasis added.)

In the case at bar the administrator *did* purport to sue as a representative of the minor child. The petition *did* reveal an intendment [5] to maintain the action in the interest of the minor child in whom the claim was vested on June 17, 1978. Here there *was* an expressed intention on the part of the administrator to bring the original action for the minor child.

Although not mentioned by the parties, research discloses that a federal case, involving the Missouri wrongful death statute, almost fits the situation here. In *Crowder v. Gordon's Transports, Inc.,* 387 F.2d 413 (8th Cir. 1967), the decedent, a resident of Arkansas, died as a result of a motor vehicle collision which occurred in Missouri. The collision and death took place on July 27, 1965. He was survived by his widow and two minor sons. On July 12, 1966, the Arkansas administratrix (who was the widow) filed a complaint, in federal court in Arkansas, seeking recovery under the Missouri wrongful death statute for the benefit of the two minor children.[6]

On January 21, 1967, an amended complaint was filed substituting "Ruth Crowder as mother and next friend of the two named minor children as plaintiff." The trial court sustained a motion to dismiss and entered a final order dismissing both the original complaint and the amended complaint. On appeal this ruling was reversed.

The court of appeals agreed with the trial court that "the substantive Missouri law controls this wrongful death action and that an action must be commenced in the manner set forth in the Missouri statute and within the time therein prescribed." The original complaint was filed more than six months after the decedent's death and within twelve months of that date and thus the action was filed within the time fixed by Missouri law for commencement of wrongful death actions by minor children of the decedent. The court of appeals further held that the issue of whether the amended complaint related back to the time of the filing of the original complaint was one of procedure and was controlled by the Federal Rules of Civil Procedure which permitted such relation back.

Referring to *Forehand* the court of appeals said, 355 S.W.2d at p. 416:

"The court in [*Forehand*] indicates that the administratrix 'did not purport to sue as a representative of the minor child or manifest any intent to sue in such capacity,' and later, that 'there was no expressed intention on the part of the administratrix to bring the original action for the minor child.' In our present case, the complaint manifests an intent to obtain a recovery for the minors. Such factual difference could be of significance to the Missouri court in deciding the issue before us."

In *Crowder* the court of appeals said, 387 F.2d at p. 419: "Defendant was given proper notice of the filing of the original complaint. While such complaint names the mother in her capacity as administratrix as plaintiff, the complaint clearly sets out that the decedent left surviving him the two minor children here involved and that the relief is being sought on behalf of such minors.... Thus, defendant was clearly advised by the original complaint that each of the minors was seeking damage against it for wrongful death of their father, and defendant was in no way prejudiced by the failure to name the mother as next friend rather than as administratrix in such original complaint.... [W]e hold that the Federal Rules of Civil Procedure control on the relation back issue and that under such rules, the amended complaint relates back to the filing of the original complaint. The original complaint was filed within the time prescribed by the applicable Missouri statute. The court erred in dismissing the amended complaint."

In the case at bar, as in *Crowder*, the petition was filed during the time that the cause of action was vested in Marissa. De-

---

5. See *Slater v. Kansas City Terminal Ry. Co.,* 271 S.W.2d 581, 583 (Mo.1954).

6. The original complaint also "improperly included a claim for the widow individually and as administratrix."

fendants were served with that petition. Although the petition names the Connecticut administrator as plaintiff, the body of the petition sets out that Deborah Evans left Marissa as "her sole survivor," and that the action was being brought on behalf of Marissa.

It is true that in *Crowder* Federal Rule 15(c) dealing with relation back of amendments was relied on to some extent.[7] Missouri adopted the pertinent portion of Federal Rule 15(c) in 1973 and that portion is contained in Rule 55.33(c).[8] It is noteworthy that the court in *Crowder* stated that it was controlled by the substantive Missouri law. It is clear that it did not feel its holding was inconsistent with that substantive law. If, on the other hand, the issue is one of procedure, Rule 55.33(c) would lead to the same result. It is also true that in *Crowder* the plaintiff sought to amend the petition in the trial court. The instant record on appeal does not show whether or not plaintiff sought to amend the caption. In *Watson v. Watson*, supra, the "technical defect" in the caption was correctable and there was no showing that such relief had been requested in the trial court.

The drastic relief of summary judgment should not be granted where the defect is so easily corrected without prejudice to the defendants. See *Stanturf v. Sipes*, 447 S.W.2d 558, 561 (Mo.1969). It is a simple matter to place Marissa's name in the caption of the petition as plaintiff. Although regular procedure requires appointment[9] of a next friend, Rule 52.02, subsection (m) of that rule provides, "Failure to appoint a next friend ... for a minor ... shall not invalidate the proceedings if the court finds that the interests of the minor ... were adequately protected."

This court is mindful of the following language in *Forehand*, supra, 355 S.W.2d at p. 946: "[T]he civil rules may not be read apart from applicable special statutes of limitations, and do not create any exception to or relaxation or extension of the limitations provided by § 537.100." The holding here is that § 537.080 (and § 537.-100) received full compliance because the body of the petition reflected that the action was being brought on behalf of Marissa and the petition was filed at a time when the claim was vested in Marissa. It follows that ground (b) is meritorious and that the

7. "Although Rule 15(c) of the Federal Rules of Civil Procedure went into effect in 1938 along with the other Federal Rules of Civil Procedure, the pattern for the type of amendment contemplated by Rule 15(c) was set in *Missouri, K. & T. R. Co. v. Wulf* (1913) 226 U.S. 570, 57 L.Ed. 355, 33 S.Ct. 135, where the United States Supreme Court upheld the allowance of an amendment changing the plaintiff's status from that of one suing as an individual to that of one suing in a representative capacity, although the statute of limitations had expired. The court said that the original complaint gave the defendant notice of all the relevant facts in the case, that the change was in form rather than in substance, and that it introduced no new or different cause of action, nor did it set up any different state of facts as the ground of action, and that therefore it related back to the beginning of the suit. Moreover, the basic standard set forth in Rule 15(c), that whenever the claim or defense asserted in the amended pleading arises out of the conduct, transaction, or occurrence set forth in the original pleading, the amendment relates back to the date of the original pleading, was being applied by the federal courts before the Rule itself was enacted." 12 A.L.R.Fed. 233, 238–239 (Pleading—Amendment—Relation back).

8. "Although [Federal] Rule 15(c) does not expressly apply to a new pleading adding or dropping plaintiffs, the Advisory Committee Note to the 1966 amendment of the rule indicates that the problem of relation back generally is easier to resolve in this context than when it is presented by a change in defendants and that the approach adopted in Rule 15(c) toward amendments affecting defendants extends by analogy to amendments changing plaintiffs. As long as defendant is fully apprised of a claim arising from specified conduct and has prepared to defend the action against him, his ability to protect himself will not be prejudicially affected if a new plaintiff is added, and he should not be permitted to invoke a limitation defense. This seems particularly sound inasmuch as the courts will require the scope of the amended pleading to stay within the ambit of the conduct, transaction, or occurrence set forth in the original pleading." Wright and Miller, Fed.Prac. and Proc., Vol. 6, § 1501, p. 523.

9. This may be done on remand. See *Concerned Parents v. Caruthersville Sch. D.*, 548 S.W.2d 554, 558 (fn. 3) (Mo. banc 1977).

**624**

trial court erred in sustaining defendant's motion for summary judgment.

Connecticut follows the rule of lex loci delicti and rejects the "most significant relationship" or "center of gravity" view as expressed in Restatement (Second) 1 Conflict of Laws § 145. *Gibson v. Fullin,* 172 Conn. 407, 374 A.2d 1061, 1064 (1977). It seems clear that if the present action had been brought in Connecticut, Connecticut would not have invoked the Connecticut statute quoted in footnote 2. That is in accordance with the general rule expressed in 25A C.J.S. Death § 28, p. 635, as follows: "[T]he question of who may or must sue to enforce a cause of action for death arising in a foreign state is generally held to be one of substantive right, and not one of mere form or procedure. Accordingly such question is governed by the law of the place where the cause of action arose, and on which it depends, and not by the law of the place where the action is brought, . . ."

It would be anomalous if Missouri would invoke a Connecticut statute when Connecticut itself would not do so but this is not to say that anomalies do not exist under the restatement view.

This court has grave doubts that the Connecticut statute controls the issue of who is the correct plaintiff but if it does, the action of the trial court was in error because the plaintiff is the one prescribed by the Connecticut statute. If the issue is governed by the Missouri statute, which is the position consistently taken by the defendants in the trial court and in this court, the action of the trial court was erroneous as previously demonstrated. No matter which statute applies, defendants were not entitled to a summary judgment.

It should be noted that the issue on this appeal is limited to a "particular issue," as that term is used in § 175 of Restatement (Second) Conflict of Laws. See *State ex rel. Broglin v. Nangle,* 510 S.W.2d 699, 701–702 (Mo. banc 1974). The "particular issue" here is, who may bring the action.

The judgment is reversed and the cause remanded.

GREENE, P. J., and TITUS, J., concur.