ZENITH RADIO CORPORATION, ET AL., PLAINTIFFS *v.* UNITED STATES, DEFENDANT

Consolidated Court No. 81-6-00734

MEMORANDUM AND ORDER

(Dated May 4, 1983)

WATSON, *Judge:* In April, the Court sounded the death knell for the continuation of this action by COMPACT and the Imports Committee when it found that they lacked standing. *Zenith Radio Corp. v. United States*, 5 CIT 155 (1983). At the same time, the Court allowed additional time for responses to the motion by COMPACT to allow three of its member unions to be added as parties plaintiff.

Those unions are the International Brotherhood of Electrical Workers; the International Union of Electrical, Radio and Machine Workers; and the Independent Radionic Workers of America. It is undisputed that they are interested parties and the Court found that they had participated in the administrative proceedings.

The Court has considered the responses, which take the form of objections by the government and the defendant-intervenors to the allegedly unjustifiable lateness of the motion to add parties and the prejudice it will cause. In ruling on this motion the Court is dealing with Rules 17(a) and 21 as they relate to the substitution or addition of parties and Rule 15 on the subject of amended pleadings.

The unions' predicament does not have quite the same appeal to the Court's discretion as that of an Arkansas widow in a wrongful death action. See, *Crowder* v. *Gordon's Transport, Inc.,* 387 F.2d 413 (8th Cir. 1967). Nevertheless, at this time the Court is inclined to exercise its discretion in a lenient manner, where it sees the late emergence of the correct party as understandable in the context of a relatively new and complex field of litigation. The Court does not view COMPACT's failure to act in accordance with the writing on the wall in *Matsushita Electric Industrial Co.* v. *United States,* 2 CIT 254 (1981), as the sort of calculated defiance or inexcusable ignorance of settled law which might discredit a later attempt at correction.

In these more fluid circumstances the Court chooses to display a flexible attitude in adding parties and allowing amendment. *Mullaney* v. *Anderson,* 342 U.S. 415 (1952); *Foman* v. *Davis,* 371 U.S. 178 (1962); 3A J. Moore & J. Lucas, *Federal Practice.* ¶¶ 15.15[4.-2], 17.15-1 (2d ed. 1982).

This simply means that in law, as in life, some things are excusable in infancy. At this stage in the development of these judicial reviews the Court is of the opinion that the participation of genuinely interested parties is most important to the overall objectives of achieving justice through judicial review and outweighs the inconvenience which may result to the other parties, not to mention to the Court itself.

For these reasons, the Court will allow the addition of the three unions as plaintiffs and will further allow the filing of their amended complaint, and it is so ORDERED.

The Court hereby terminates the participation in the action by COMPACT and the Imports Committee by granting defendant-intervenors' motion for judgment on the pleadings as to them, and it is so ORDERED.