**Gathol A. CROWE, Plaintiff,**

v.

**Vincent R. MULLIN, et al., Defendants.**

**No. CV–92–N–0146–S.**

United States District Court,
N.D. Alabama, S.D.

Sept. 4, 1992.

William R. Myers, Peter Mark Petro, Yearout Myers & Traylor PC, Birmingham, Ala., for plaintiff.

Michael W. Ray, Charles E. Sharp, Sadler Sullivan Herring & Sharp, Birmingham, Ala., for defendants.

MEMORANDUM OF OPINION

EDWIN L. NELSON, District Judge.

This action is before the Court on the motion of defendant, Long Haul Express, to dismiss the amended complaint as having been brought outside the period of limitations.

## I. BACKGROUND

According to the complaint, plaintiff Gathol A. Crowe was injured in a motor vehicle accident that occurred in Walker County, Alabama on November 26, 1989. Mr. Crowe asserts that a truck owned by G.E. Capital Corporation, but driven by Long Haul Express employee Vincent R. Mullin, collided with the vehicle driven by the plaintiff. The action was initially filed in the Circuit Court of Jefferson County, Alabama on November 21, 1991, just five days before the Alabama period of limitations for filing actions for personal injury would have expired.[1] In addition to the driver, Mr. Mullin, the plaintiff named G.E. Capital Corporation and certain fictitious defendants. Defendants "D, E, and F" were described as "the person, firm, corporation or other legal entity who or which was the employer of the Defendant who operated the motor vehicle which collided with the Plaintiff on the occasion described in the complaint ..." (Complaint, p. 1) Defendants "J, K and L" were described as "the person, firm, corporation or other legal entity who or which negligently or wantonly entrusted to the driver possession of the vehicle which collided with Plaintiff ..." and defendants "M, N, and O" were described as "the person, firm, corporation or other legal entity who or which negligently or wantonly maintained, serviced or was responsible for the maintenance, upkeep and service of the vehicle being operated by the individual Defendant...." *Id.*[2] In accord with Rule 9(h), the plaintiff asserted that he was then unaware of the exact identity, residence or legal entity of the fictitiously described defendants. (Complaint, p. 2, paragraph 4). He stated causes of action against all named and unnamed defendants. (Complaint, pp. 2–4).

On January 16, 1992, defendant Mullin removed the case to this court on the basis of diversity of citizenship.[3] On February 26, 1992, some three months after the period of limitations expired, the plaintiff moved the court for permission to amend by adding Long Haul Express as a party defendant. On its face, the amended complaint appears to have substituted Long Haul Express for fictitious defendants D, J, and M. In all other respects, the complaint, as amended, is identical to the original complaint. Long Haul Express was served with the summons and complaint on April 6, 1992 and, on June 22, filed the instant motion, asserting that suit was brought against it outside the applicable limitations period.

## II. DISCUSSION

A. Retroactive application of Fed. R.Civ.P. 15(c)(1).

As amended on December 1, 1991, Rule 15(c)(1), Fed.R.Civ.P. provides that "[a]n amendment of a pleading relates back to the date of the original pleading when (1) relation back is permitted by the law that provides the statute of limitations applicable to the action...."[4] The United States Court of Appeals for the Eleventh Circuit, in *Hill v. United States Postal Service*, 961 F.2d 153, 156 (11th Cir.1992), while not considering the retroactive application of Rule 15(c)(1), has held that another provision that was added at the same time, Rule 15(c)(3) should be applied to cases pending at the time of its effective date. The Court perceives no reason why

---

**1.** *Ala.Code,* § 6–2–38(1) provides: "All actions for any injury to the person or rights of another not arising from contract and not specifically enumerated in this section must be brought within two years."

**2.** Rule 9(h), Ala.R.Civ.P. provides:
Fictitious Parties. When a party is ignorant of the name of an opposing party and so alleges in his pleading, the opposing party may be designated by any name, and when his true name is discovered, the process and all pleadings and proceedings in the action may be amended by substituting the true name.

**3.** Defendant G.E. Capital had not, at the time of removal, been served.

**4.** Both counsel for the plaintiff and defendant Long Haul Express were either unaware of the amendment or chose to ignore it. Since, in the opinion of the court, the amended rule controls the disposition of this motion, the court cannot ignore it.

the new provision under consideration here should be treated differently.

In the absence of circumstances tending to suggest that retroactive application of the rule would work an injustice, and in light of the principle that amended rules of civil procedure should be given retroactive application to the maximum extent possible,[5] the Court finds that on the facts of this case, the application of the amendment to Rule 15(c)(1) is neither unjust nor impracticable. As the employer of Mr. Mullin, Long Haul should reasonably have anticipated being brought into a lawsuit arising out of an accident involving Mr. Mullin in the course of his employment. Additionally, Long Haul and Mr. Mullin are represented by the same counsel in this action. Counsel should have anticipated that Long Haul would likely be added as a defendant, particularly in light of the fact that the plaintiff described the employer of the vehicle operator pursuant to the fictitious party pleading practice allowed under Alabama law. Accordingly, on the authority of *Hill*, the court finds it is required to apply Rule 15(c)(1) to this action that was filed in state court prior to the effective date of the rule and removed to this court after such effective date.

B. "Relation back" under Fed.R.Civ.P. 15(c)(1).

Rule 15(c)(1) provides that an amendment of a pleading relates back to the date of the original pleading when relation back is permitted by the law that provides the statute of limitations applicable to the action. The Advisory Committee Notes to the amendment indicate that the new provision is "... intended to make it clear that the rule does not apply to preclude any relation back that may be permitted under the applicable limitations law.... Whatever may be the controlling body of limitations law, if that law affords a more forgiving principle of relation back than the one provided in this rule, it should be available to save the claim." Fed.R.Civ.P. 15(c)(1), Advisory Committee Notes (1991) (citations omitted). In an action in which federal jurisdiction is based on diversity of citizenship, the statute of limitations is provided by the law of the state in which the district court sits. *Walker v. Armco Steel Corp.*, 446 U.S. 740, 100 S.Ct. 1978, 64 L.Ed.2d 659 (1980). To determine whether the amendment naming Long Haul Express as a defendant should relate back to the date of the initial complaint so as not to be barred by the statute of limitations, the Court must determine whether it would relate back under Alabama law.

Rule 15(c), Ala.R.Civ.P. provides that "[a]n amendment pursuant to Rule 9(h), *Fictitious parties*, is not an amendment changing the party against whom a claim is asserted and such amendment relates back to the date of the original pleading." In order to invoke the relation back principles of Alabama Rules 9(h) and 15(c), a plaintiff must: (1) state a cause of action against the fictitious party in the body of the original complaint; and (2) be ignorant of the identity of the fictitious party, in the sense of having no knowledge at the time of the filing that the later named party was in fact the party intended to be sued. *Columbia Engineering International, Ltd. v. Espey*, 429 So.2d 955 (Ala.1983); *Phelps v. South Alabama Electric Cooperative*, 434 So.2d 234 (Ala.1983).

As noted above, in his original complaint, the plaintiff stated claims against both the named and fictitious parties. The plaintiff asserts that he did not discover that Long

---

5. This principle was enunciated in *Atlantis Development Corporation, Ltd. v. United States*, 379 F.2d 818, 823 (5th Cir.1967). In *Atlantis*, the court of appeals was considering whether the 1966 amendments to the Federal Rules of Civil Procedure should apply retroactively. The court relied on the Supreme Court order transmitting the Advisory Committee's amended rules to Congress, wherein the Court indicated that the amendments were to apply to pending actions unless "... in the opinion of the court their application in a particular action then pending would not be feasible or would work injustice...." (Order amending Federal Rules of Civil Procedure, February 28, 1966). This appears to be the same standard as is set forth in the order transmitting the most recent amendments, which are to apply to pending cases "insofar as just and practicable." (Order amending Federal Rules of Civil Procedure, April 30, 1991).

Haul Express, rather than G.E. Capital, was Mr. Mullin's employer until after the case was removed to federal court. (Plaintiff's Response to Motion to Dismiss, p. 2). The motion to add Long Haul Express as a defendant was filed six weeks after this case was removed.

## III. CONCLUSION

The court concludes that Alabama law would cause the amendment adding Long Haul Express to relate back to the "date of the original pleading." That pleading, filed on November 21, 1991, was timely. The effect of Rule 15(c)(1), as amended, is to incorporate the applicable provisions of Alabama law and, since Alabama law would relate the amendment back to the time the initial complaint was filed, it must relate back here also.

The motion of the defendant Long Haul Express to dismiss the amended complaint as being outside the period of limitations will be denied.