Jeffrey Edward WILSON, et al., Plaintiffs-Appellants,

v.

NAVISTAR INTERNATIONAL TRANSPORTATION CORP., et al., Defendants-Appellees.

No. 99-11723

Non-Argument Calendar.

United States Court of Appeals,

Eleventh Circuit.

Oct. 26, 1999.

Appeal from the United States District Court for the Northern District of Alabama. (No. 98-00728-CV-J-NW), Inge P. Johnson, Judge.

Before CARNES and BLACK, Circuit Judges, and GODBOLD, Senior Circuit Judge.

PER CURIAM:

We must decide whether we have jurisdiction over this appeal, which was not an appeal from final judgment and in which no Rule 54(b) certificate was granted at the time the appellants filed their notice of civil appeal. We hold that this court has jurisdiction over this appeal. We then must decide whether a state's substantive law or the Federal Rules of Civil Procedure govern the relation-back amendment of a fictitious defendant. We affirm the district court's application of the Federal Rules of Civil Procedure.

*Jurisdiction over this Appeal*

Absent some exception, we have jurisdiction over appeals only from final judgments of a district court. *See* 28 U.S.C. § 1291 (1994). When there are multiple parties in the case, the court can enter final judgment against fewer than all of the parties only if it certifies pursuant to Rule 54(b) that "there is no just reason for delay." Fed.R.Civ.P. 54(b); *accord Schoenfeld v. Babbitt,* 168 F.3d 1257, 1265 (11th Cir.1999).

Stephen Davidson and Kelly Davidson filed a product liability action against Navistar International Transportation Corp. and others including several fictitious defendants. The Davidsons amended their complaint to name Fontaine Co. as one of the fictitious defendants. On May 11, 1999 the district court granted Fontaine's motion to dismiss all claims against it. Other claims against other parties remained.

On June 8, 1999 the Davidsons filed a motion with the district court to certify the May 11 order as a final judgment under Rule 54(b). On June 10, 1999, the thirtieth day after May 11, the plaintiffs filed a notice of appeal from the order dismissing Fontaine. On June 14, 1999 the district court certified the May 11 order for immediate appeal. On July 1, 1999 the Davidsons filed a second notice of appeal. Fontaine incorrectly contends that the appeal should be dismissed because the appeal was filed before a Rule 54(b) certificate was issued.

We determine that we have jurisdiction. First, when a notice of appeal is filed between the time of a decision or order and the time that the order is rendered appealable by the entry of judgment the otherwise premature notice of appeal is treated as if filed on the date of and after entry of judgment. *See* Fed. R.App. P. 4(a)(2). Second the Davidsons filed a second notice of appeal on July 1, 1999. A successive notice of appeal filed after a 54(b) certification is effective to confer appellate jurisdiction. *Useden v. Acker,* 947 F.2d 1563, 1569 (11th Cir.1991) (jurisdiction proper when appellant files a second notice of appeal following a certification order); *McLaughlin v. City of La Grange,* 662 F.2d 1385 (11th Cir.1981). Therefore, even if we determined that the initial notice of appeal was ineffective, the second notice of appeal would give this court jurisdiction.

*Relation Back as Substantive or Procedural Law*

The district court initially permitted the Davidsons to substitute Fontaine for timely pleaded fictitious parties. However, the district court reversed itself after determining that federal procedural law would not provide for such a substitution by amendment. The Davidsons raise the issue of whether the district court should have applied Alabama substantive law and not federal procedural law to determine the propriety of substitution.

Relation-back issues are procedural in nature and the Federal Rules of Civil Procedure apply. *Glickstein v. Sun Bank/Miami, N.A.,* 922 F.2d 666, 671-72, n. 9 (11th Cir.1991), *adopting Crowder v. Gordons Transports, Inc.,* 387 F.2d 413, 416 (8th Cir.1967). In *Crowder* the Eighth Circuit applied *Erie*

2

principles and determined that the district court's application of state "relation-back" principles was improper because the specific provisions of Rule 15(c) governed this federal procedural question. *See Crowder,* 387 F.2d at 416 ( the issue of relation back is one of procedure and is controlled by the Federal Rules of Civil Procedure.). *See also Hess v. Eddy,* 689 F.2d 977, 980 (11th Cir.), *cert. denied,* 462 U.S. 1118, 103 S.Ct. 3085, 77 L.Ed.2d 1347 (1982) (holding that the district court "erred in applying Alabama's 'no relation-back' rule in the face of a Federal Rule of Civil Procedure [17(a) ] that expressly authorizes and adopts the 'relation-back' doctrine" in context of administration of estate and suit filed in federal court prior to administratrix receiving official representative status).

The relation back of an amendment to correct a misnomer in pleadings is procedural and governed by federal, not state, law. *Welch v. Louisiana Power & Light Company,* 466 F.2d 1344, 1345 (5th Cir.1972); *Gifford v. Wichita Falls & So. Ry. Co.,* 224 F.2d 374 (5th Cir.), *cert. denied,* 350 U.S. 895, 76 S.Ct. 153, 100 L.Ed. 787 (1955); *Grandey v. Pacific Indemnity Co.,* 217 F.2d 27 (5th Cir.1954); *Barthel v. Stamm,* 145 F.2d 487 (5th Cir., 1944), *cert. denied,* 324 U.S. 878, 65 S.Ct. 1026, 89 L.Ed. 1430 (1945). The Supreme Court has established a strong presumption that the federal rules govern, rather than state law, in cases involving arguably procedural matters. *Hanna v. Plumer,* 380 U.S. 460, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965).

The form of notice contemplated by Rule 15(c) serves the major purpose of state statutes of limitations—to ensure that defendants are given adequate notice in time to prepare a defense. *Welch,* 466 F.2d at 1346. Application of state rules concerning relation back would disrupt important federal policies favoring simplification and uniformity of pleading and liberality of amendment. *Id.* Therefore, the district court acted appropriately when it corrected itself and applied the Federal Rules of Civil Procedure.

Appellee Fontaine Modification Company moved to file a supplemental brief and appellant has objected. The issues raised in the supplemental brief do not affect the questions resolved by our opinion. It involves a factual dispute that has no bearing on the decision whether the district court should have applied Alabama or the Federal Rules of Civil Procedure. Wilson did not appeal the validity of the district court

decision.  He only appeals whether federal law should be applied.  Therefore whether the district court properly applied federal law is not before the court.  The brief has no bearing on the issues we decide and therefore the motion is denied.

AFFIRMED.