[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 18, 2001
THOMAS K. KAHN
CLERK

_____

No. 00-11047

_____

D. C. Docket No. 98-0719-CV-N-S

MAJOR SAXTON, JR.
MARY SAXTON,

Plaintiffs-Appellants,

versus

ACF INDUSTRIES, INC.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____
**(June 18, 2001)**

Before ANDERSON, Chief Judge, TJOFLAT, EDMONDSON, BIRCH,
DUBINA, BLACK, CARNES, BARKETT, HULL, MARCUS and WILSON,
Circuit Judges.

HULL, Circuit Judge:

In this diversity jurisdiction case, Major and Mary Saxton bring an appeal

from the district court's grant of summary judgment to ACF Industries, Inc.

("ACF") on all of their claims based on Alabama's statute of limitations. The Saxtons contend that their third amended complaint was not barred by the statute of limitations, but was timely filed due to Alabama's law governing relation back of amendments. The Saxtons assert that, pursuant to Federal Rule of Civil Procedure 15(c)(1), state law relation-back rules apply when state law provides the applicable statute of limitations.

Following our binding precedent in Wilson v. Navistar Int'l Transp. Corp., 193 F.3d 1212 (11th Cir. 1999), the district court determined that it must apply federal law rules governing relation back of amendments even when state law provides the statute of limitations. The district court concluded that the Saxtons' third amended complaint against ACF was time-barred because it did not relate back to the Saxtons' original, timely-filed complaint under the relation-back rules set out in Federal Rule of Civil Procedure 15(c)(3). A panel of this Court affirmed the district court's grant of summary judgment, also finding itself bound by this Court's earlier ruling in Wilson.[1] Saxton v. ACF Indus., Inc., 239 F.3d 1209 (11th Cir. 2001), vacated, 244 F.3d 830 (11th Cir. 2001)(en banc).

By vote of a majority of the judges in active service, we now rehear this

---

[1]See United States v. Hogan, 986 F.2d 1364, 1369 (11th Cir. 1993) ("[I]t is the firmly established rule of this Circuit that each succeeding panel is bound by the holding of the first panel to address an issue of law, unless and until that holding is overruled en banc, or by the Supreme Court.").

2

appeal en banc to consider whether Federal Rule of Civil Procedure 15(c)(1) incorporates state law relation-back rules when state law provides the statute of limitations for the claims. Because we find that it does, we reverse the district court's grant of summary judgment to ACF on the statute of limitations grounds, and remand this case to the district court to apply Alabama law relation-back rules in determining whether the Saxton's third amended complaint against ACF is barred by the statute of limitations.

## I. Background

On February 17, 1997, Major Saxton was employed by Drummond Company, Inc. as an exhaust operator and was injured during the course of his employment while unloading sulfuric acid from a railroad tank car. On June 5, 1998, he alone filed suit in Alabama state court against Defendants Boliden Intertrade, Inc., CSX Transportation, Inc., Union Tank Car Company, and Marsh Instrument Company. Saxton's complaint contained only various state law claims. The defendants removed the case to federal court on the basis of diversity jurisdiction.

Saxton's initial complaint described both Union Tank Car Company and Boliden Intertrade, Inc. as "manufacturers and sellers of railroad cars" who "sold the subject railroad car." Saxton's suit also included numerous fictitious

3

defendants, described as those defendants which "owned," "maintained," "designed, manufactured, [or] distributed the tank car which is the subject of this lawsuit." ACF, whom Saxton now alleges to be the actual seller of the tank car, was not specifically included as a defendant.

Major Saxton twice amended his complaint, both times with permission of the district court. In his first amended complaint, filed on October 16, 1998, Saxton added his wife as a party plaintiff and added General American Transportation Corporation and Trinity Chemical Industries, Inc. as defendants. This amended complaint described both new defendants as having sold the subject railroad car. On November 25, 1998, the complaint was amended a second time to identify correctly the defendant previously included as "Trinity Chemical Industries, Inc." as Trinity Industries, Inc. ACF was not added as a defendant by either amendment. Each time the Saxtons amended their complaint, their amendment adopted and realleged the allegations of their complaint as originally filed. Thus, the fictitious defendants described in the Saxtons' initial complaint remained in their first and second amendments to the complaint.

On January 11, 1999, in its "Initial Order Governing Proceedings in This Action," the district court dismissed the suit as to all fictional parties without prejudice as to any party's rights under Rule 15(c), stating as follows:

4

There being no fictitious party practice in the courts of the United States, it is hereby ORDERED that the action be DISMISSED as to all fictitious parties. Dismissal is without prejudice to the right of any party to take advantage of the provisions of Rule 15(c), Fed. R. Civ. P.

On February 17, 1999, the Saxtons moved the court for an order to "hold open (indefinitely, until further Order of the Court on the subject) the time for serving defendants." They argued, in effect, that their requested extension would permit them to take advantage of Alabama's fictitious party practice and relation-back rules. On March 3, 1999, the district court granted this motion.

Shortly after the statute of limitations period expired, the Saxtons filed a third amended complaint on March 26, 1999, again with permission of the district court. In this complaint, the Saxtons added ACF as a defendant for the first time and brought certain of the state law tort claims against it which had already been asserted against the previous defendants. This third amended complaint noted that "the subject railroad car has now been specifically identified as ACFX-94705" and included an allegation that ACF was a "manufacturer and seller of railroad cars" and had "sold the subject railroad car." The Saxtons allege that it was not until approximately February 17, 1999, shortly before filing their third amended complaint, that they first learned that ACF was the actual seller of the railroad tank car at issue.

ACF filed a summary judgment motion as to all of the Saxtons' claims,

5

arguing that they were time-barred. The district court granted ACF's motion and entered final judgment for ACF. The Saxtons timely appealed.[2]

## II. Discussion

Because the Saxtons' claims are all state law claims and federal jurisdiction in this case is based on diversity of citizenship, Alabama law provides the applicable statute of limitations for the Saxtons' claims against ACF. See Guaranty Trust Co. of N.Y. v. York, 326 U.S. 99, 109 (1945). Under Alabama law, the statute of limitations period for general tort claims is two years.[3] Since Major Saxton's injury occurred on February 17, 1997, the statute of limitations for the Saxtons' claims expired on February 17, 1999. The Saxtons' third amended complaint adding ACF as a defendant was filed on March 26, 1999, and thus came after the expiration of Alabama's two-year limitations period. The pivotal question becomes whether the Saxtons' third amended complaint, adding ACF as a defendant, relates back to the filing of the initial complaint on June 5, 1998, which was within Alabama's limitations period. The answer to this question in this case

---

[2]This Court has jurisdiction over the Saxtons' appeal pursuant to 28 U.S.C. § 1291 because the district court directed the entry of a final judgment on its order granting summary judgment to ACF and made an express determination that there was no just reason for delay. See 28 U.S.C. § 1291; Fed. R. Civ. P. 54(b); accord Schoenfield v. Babbitt, 168 F.3d 1257, 1265 (11th Cir. 1999).

[3]Alabama Code § 6-2-38(l) provides: "All actions for any injury to the person or rights of another not arising from contract and not specifically enumerated in this section must be brought within two years." Ala. Code § 6-2-38(1)(1975).

6

depends in part upon whether state or federal law provides the applicable relation-back principles.[4]

Federal Rule of Civil Procedure 15(c) governs relation back of amendments to pleadings in federal court, and provides several ways in which an amended pleading can relate back to an original pleading. The first subsection, Rule 15(c)(1), provides in full that "[a]n amendment of a pleading relates back to the date of the original pleading when relation back is permitted by the law that provides the statute of limitations applicable to the action." Fed. R. Civ. P. 15(c)(1). This subsection was added during the 1991 amendments to Rule 15. The Advisory Committee Notes accompanying this subsection state that the provision "is intended to make it clear that the rule does not apply to preclude any relation

---

[4]Even though we generally review a district court's determination of whether an amended complaint relates back to the original complaint for abuse of discretion, the threshold legal issue of whether federal or state law sets forth the applicable relation-back principle is reviewed de novo. Specifically, this Court has held that a district court's "[a]pplication of [federal] Rule 15(c) is reviewed for abuse of discretion," and that "the findings of fact necessary for application of the rule are reviewed for clear error." Powers v. Graff, 148 F.3d 1223, 1226 (11th Cir. 1998). Although grants of summary judgment generally are reviewed de novo, a district court's prerequisite decision not to allow the Saxtons' third amended complaint to relate back to the date of the original pleading is reviewed for abuse of discretion. See id. at 1226 n.6 ("Although we generally review grants of summary judgment de novo, this appeal is not really a review of the grant of summary judgment. Instead the appeal is a review of the district court's prerequisite decision not to allow the Plaintiffs' Fourth Amended Complaint to relate back to the date of the original pleading. Once we review that preliminary decision of the district court for abuse of discretion, the subsidiary legal issue of whether the claims are barred by the statute of limitations can be determined de novo."). "It is a paradigmatic abuse of discretion for a court to base its judgment on an erroneous view of the law." Schlup v. Delo, 513 U.S. 298, 333 (1995); SunAmerica Corp. v. Sun Life Assurance Co. of Canada, 77 F.3d 1325, 1333 (11th Cir. 1996) (noting that district court abused its discretion by "appl[ying] an incorrect legal standard").

7

back that may be permitted under the applicable limitations law." Fed. R. Civ. P. 15(c)(1) advisory committee's note. The Notes further provide: "Generally, the applicable limitations law will be state law. If federal jurisdiction is based on the citizenship of the parties, the primary reference is the law of the state in which the district court sits. . . . Whatever may be the controlling body of limitations law, if that law affords a more forgiving principle of relation back than the one provided in this rule, it should be available to save the claim." Id. Thus, Rule 15(c)(1) incorporates the relation-back rules of the law of a state when that state's law provides the applicable statute of limitations. As a result, if an amendment relates back under the law that provides the applicable statute of limitations, that amendment relates back under Rule 15(c)(1) even if the amendment would not relate back under the federal law rules.[5]

Other circuits to address Federal Rule of Civil Procedure 15(c)(1) have held that it incorporates the relation-back rules of the law of a state when that state's law provides the statute of limitations. See Arendt v. Vetta Sports, Inc., 99 F.3d 231, 236 (7th Cir. 1996) (applying Illinois relation-back law pursuant to Fed. R. Civ. P. 15(c)(1)); Lundy v. Adamar of N.J., Inc., 34 F.3d 1173, 1184 (3d Cir.

---

[5]See 6A Wright, Miller & Kane, Federal Practice and Procedure § 1503 (2d ed. Supp. 2001) (noting that "[i]n 1991, Rule 15(c) was amended to clarify that relation back may be permitted even if it does not meet the standards of the federal rule if it would be permitted under the applicable limitations law").

8

1994) (applying New Jersey relation-back law); <u>McGregor v. Louisiana State Univ. Bd. of Supervisors</u>, 3 F.3d 850, 863 n.22 (5th Cir. 1993) (applying Louisiana relation-back law).

However, this Circuit previously has held that in a diversity jurisdiction case, federal rules of relation back, rather than Alabama rules, govern an amendment replacing a fictitious defendant with a real defendant. <u>See</u> <u>Wilson v. Navistar Int'l Transp. Corp.</u>, 193 F.3d 1212, 1213-14 (11th Cir. 1999). The reasoning in <u>Wilson</u> was that relation-back principles are procedural in nature and thus the federal rules, rather than state law, govern such procedural matters. <u>Id.</u> (citing <u>Hanna v. Plumer</u>, 380 U.S. 460 (1965)). <u>Wilson</u> did not mention Rule 15(c)(1), added as an amendment to the rule in 1991, which specifically allows for relation back of amendments when "permitted by the law that provides the statute of limitations applicable to the action." Fed. R. Civ. P. 15(c)(1). Instead, the Court relied on two cases which pre-dated the 1991 amendment of Rule 15(c). <u>See</u> <u>Wilson</u>, 193 F.3d at 1213 (discussing <u>Glickstein v. Sun Bank/Miami, N.A.</u>, 922 F.2d 666 (11th Cir. 1991) and <u>Crowder v. Gordons Transp., Inc.</u>, 387 F.2d 413 (8th Cir. 1967)). These pre-amendment cases held that relation back was governed by federal, rather than state, law. <u>Glickstein</u>, 922 F.2d at 671-72, n.9; <u>Crowder</u>, 387 F.2d at 416.

We now reconsider whether Federal Rule of Civil Procedure 15(c)(1) allows federal courts to apply state law relation-back rules to amendments in a diversity case where state law provides the applicable statute of limitations. For the reasons outlined above, we find that both the language of Rule 15(c)(1) and its accompanying advisory committee notes indicate that Rule 15(c)(1) does incorporate state law relation-back rules in such an instance. Therefore, we join the other circuits in holding that Rule 15(c)(1) allows federal courts sitting in diversity to apply relation-back rules of state law where, as here, state law provides the statute of limitations for the action. See Arendt, 99 F.3d at 236; Lundy, 34 F.3d at 1184; McGregor, 3 F.3d at 863 n.22.[6] To the extent that Wilson holds

[6]ACF contends that in order for an amendment to relate back under Rule 15(c)(1), relation back must be specifically provided for by the same statute that provides the statute of limitations, here Alabama Code § 6-2-38(1). See Lovelace v. O'Hara, 985 F.2d 847, 851-52 (6th Cir. 1993) (assuming without discussion that Fed. R. Civ. P. 15(c)(1) is not applicable because the particular statute providing the statute of limitations in that case "contain[ed] no specific provision for relation back"). However, Rule 15(c)(1) is not written so narrowly, but provides that an amendment relates back when "permitted by the law that provides the statute of limitations." Fed. R. Civ. P. 15(c)(1). Further, Rule 15(c)(1)'s Advisory Committee Notes describe the relevant law as the "controlling body of limitations law," which is generally "state law," rather than the specific statute providing the statute of limitations. Fed. R. Civ. P. 15(c)(1) advisory committee's note. Moreover, the three circuits that have applied state law relation-back rules pursuant to Rule 15(c)(1) have not read Rule 15(c)(1) to require that the state law relation-back rules be provided in the same statute that provides the statute of limitations. See, Arendt, 99 F.3d 231(two year statute of limitation provided by 70 Ill. Comp. Stat. 3615/5.03 and relation-back principles provided by 735 Ill. Comp. Stat. 5/2-616(d)); Lundy, 34 F.3d 1173 (two year statute of limitations provided by N.J. Stat. Ann. § 2A:14-2 and relation-back principles provided by N.J. Rules of Ct. 4:9-3); McGregor, 3 F.3d 850 (one year statute of limitations provided by La. Civ. Code Ann. art. 3536 (1982) and relation-back principles provided by La. Code Civ. Proc. Ann. art. 1153). For all of these reasons, we read Rule 15(c)(1) as incorporating state law relation-back rules when the law of that state provides the statute of limitations for an

10

otherwise, it is overruled.

Because the law of Alabama provides the applicable statute of limitations in this case, Rule 15(c)(1) directs us to Alabama law governing relation back of amendments. Alabama's law addressing relation back is found in Alabama Rule of Civil Procedure 15(c).[7] Alabama Rule 15(c)(4) expressly sets forth the relation-back rule when fictitious parties are involved. Specifically, Alabama Rule 15(c)(4) provides that an amendment to a pleading "relates back to the date of the action.

[7]Alabama Rule of Civil Procedure 15(c) provides:

> An amendment of a pleading relates back to the date of the original pleading when (1) relation back is permitted by the law that provides the statute of limitations applicable to the action, or (2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, except as may be otherwise provided in Rule 13(c) for counterclaims maturing or acquired after pleading, or (3) the amendment, other than one naming a party under the party's true name after having been initially sued under a fictitious name, changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied and, within the applicable period of limitations or one hundred twenty (120) days of the commencement of the action, whichever comes later, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party, or (4) relation back is permitted by principles applicable to fictitious party practice pursuant to Rule 9(h).

Ala. R. Civ. P. 15(c).

11

original pleading when relation back is permitted by principles applicable to fictitious party practice pursuant to Rule 9(h)." Ala. R. Civ. P. 15(c)(4).

In turn, Alabama's fictitious party practice rule, contained in Rule 9(h), provides that when a party is ignorant of the name of an opposing party and so alleges, that party may designate the opposing party by any name and amend its pleading to substitute the opposing party's true name when the true name is discovered. Ala. R. Civ. P. 9(h).[8] The Committee Comments accompanying Rule 9(h) further direct: "See Rule 15(c) for the application of the doctrine of relation back of amendments substituting real parties for fictitious parties." Ala. R. Civ. P. 9(h) advisory committee's note. The Alabama Supreme Court has expressly discussed the interplay between Alabama Rules of Civil Procedure 9(h) and 15(c), noting that they allow a plaintiff, in certain circumstances, to avoid a limitations bar by fictitiously naming a defendant and later substituting the actual party, explaining as follows:[9]

---

[8]Alabama Rule of Civil Procedure 9(h) provides:

*Fictitious parties.* When a party is ignorant of the name of an opposing party and so alleges in the party's pleading, the opposing party may be designated by any name, and when that party's true name is discovered, the process and all pleadings and proceedings in the action may be amended by substituting the true name.

Ala. R. Civ. P. 9(h).

[9]As a federal court sitting in diversity, we are required to apply the law as declared by the state's highest court. Erie R.R. Co. v. Tompkins, 304 U.S. 64, 78 (1938).

Rules 9(h) and 15(c), Ala. R. Civ. P., allow a plaintiff to avoid the bar of a statute of limitations by fictitiously naming defendants for which actual parties can later be substituted. Such a substitution is allowed to relate back to the date of the original complaint if the original complaint adequately described the fictitiously named defendant and stated a claim against such a defendant. In order for the substitution to relate back, the plaintiff must show that he was ignorant of the true identity of the defendant and that he used due diligence in attempting to discover it.

See Jones v. Resorcon, Inc., 604 So. 2d 370, 372-73 (Ala. 1992). See also Ex Parte Stover, 663 So. 2d 948, 951 (Ala. 1995); Columbia Eng'g Int'l, Ltd. v. Espey, 429 So. 2d 955, 959 (Ala. 1983). Thus, under Alabama law, an amendment substituting an actual defendant for a fictitious defendant relates back when:

(1) the original complaint adequately described the fictitious defendant;

(2) the original complaint stated a claim against the fictitious defendant;

(3) the plaintiff was ignorant of the true identity of the defendant; and

(4) the plaintiff used due diligence to discover the defendant's true identity.

See Jones, 604 So. 2d at 372-73.[10]

_____

[10]Relying primarily on Hanna v. Plummer, 380 U.S. 460 (1965), ACF argues that these Alabama relation-back principles cannot be applied in a diversity case in federal court because they conflict with the requirements for relation back available under Federal Rule of Civil Procedure 15(c)(3). However, Rule 15(c) provides for several ways in which an amendment may be found to relate back, and Rule 15(c)(3) is only one of those ways. As discussed above, another subsection, Rule 15(c)(1), explicitly allows for the incorporation of state law principles of relation back. Therefore, the federal procedural rule is that in diversity cases federal courts may apply relation-back principles of state law when state law provides the statute of limitations for the action. In other words, Rule 15(c)(1) specifically incorporates state principles of relation back into the Federal Rules of Civil Procedure. Thus, there is no need for a Hanna v. Plummer

In this case, the parties dispute whether the Saxtons can satisfy Alabama's rules governing relation back of fictitiously named parties. The district court, however, never reached this issue because it ultimately determined that this Court's binding precedent required it to apply the relation-back principles provided by federal, rather than Alabama, law. ACF also argued, in the district court and before this Court on appeal, that the Saxtons did not properly substitute it as a defendant according to the dictates of Alabama Rule of Civil Procedure 9(h). The district court did not reach that issue either. We decline to address either issue, finding that both are fact-intensive and should be addressed by the district court in the first instance.[11]

### III. Conclusion

For the foregoing reasons, the district court's grant of summary judgment to

_____

analysis because there is no conflict between Federal Rule of Civil Procedure 15(c) and Alabama's rules governing relation back.

[11]It is important to note that Rule 15(c)'s subsections are separated by the word "or" and are thus written in the disjunctive. Therefore, the Saxtons' amendment concerning ACF could relate back if either Rule 15(c)(1) or Rule 15(c)(3) are satisfied. In this case, we focus on only subsection (1) of Rule 15(c) because the Saxtons concede that their amendment adding ACF as a defendant does not relate back under Federal Rule of Civil Procedure 15(c)(3) (i.e., pure federal law). Instead, the Saxtons assert only that Federal Rule of Civil Procedure 15(c)(1) effectively incorporates into federal law Alabama Rules of Civil Procedure 9(h) and 15(c)(3)-(4), and that their amendment adding ACF does relate back under Alabama law, which the Saxtons contend is more liberal than Federal Rule of Civil Procedure 15(c)(3). As noted above, if an amendment relates back under the law that provides the applicable statute of limitations, that amendment relates back under Rule 15(c)(1) even if the amendment would not relate back under the federal law of relation back.

14

ACF based on the statute of limitations is REVERSED and REMANDED for further proceedings consistent with this opinion.[12]

---

[12]The district court indicated that its reading of Rule 15(c)(1) suggests that it is broad enough to incorporate state law relation-back rules. The district court also stated that, "were it free to do so, [it] would follow the earlier rule in Crowe." In Crowe v. Mullin, 797 F. Supp. 930 (N.D. Ala. 1992), the district court held that Rule 15(c)(1) directed a federal court to look to Alabama's fictitious party practice and relation-back rules in an action in which federal jurisdiction was based on diversity of citizenship. Id. at 932. However, the district court in this case determined that our binding precedent in Wilson required that the court apply the federal law governing relation back. It was helpful to this Court that the district court took the time and effort to examine the issue in such detail and to highlight the problems with Wilson.