[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JAN 24 2001
THOMAS K. KAHN
CLERK

_____

No. 00-11047
_____

D. C. Docket No. 98-01719-CV-N-S

MAJOR SAXTON, JR.,
MARY SAXTON,

Plaintiffs-Appellants,

versus

ACF INDUSTRIES, INC.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

**(January 24, 2001)**

Before DUBINA and HULL, Circuit Judges, and HODGES [*], District Judge.

HULL, Circuit Judge:

Plaintiffs Major and Mary Saxton appeal the district court's grant of

_____

[*]Honorable William T. Hodges, U.S. District Judge for the Middle District of Florida, sitting by designation.

summary judgment to Defendant ACF Industries, Inc. ("ACF") on all of their claims based on the statute of limitations. After review, we affirm.

## I. Background

On February 17, 1997, Major Saxton was employed by Drummond Company, Inc. as an exhaust operator and was injured during the course of his employment while unloading sulfuric acid from a railroad tank car. On June 5, 1998, he alone filed suit in Alabama state court against Defendants Boliden Intertrade, Inc., CSX Transportation, Inc., Union Tank Car Company, and Marsh Instrument Company. Saxton's complaint contained only various state law claims. The defendants removed the case to federal court on the basis of diversity jurisdiction.

Saxton's complaint described both Union Tank Car Company and Boliden Intertrade, Inc. as "manufacturers and sellers of railroad cars" who "sold the subject railroad car." Saxton's suit also included numerous fictitious defendants, described as those defendants which "owned," "maintained," "designed, manufactured, [or] distributed the tank car which is the subject of this lawsuit." ACF, whom Saxton now alleges to be the actual seller of the tank car, was not specifically included as a defendant.

Major Saxton twice amended his complaint, both times with permission of

2

the district court. In his first amended complaint, filed on October 16, 1998, Saxton added his wife as a party plaintiff and added General American Transportation Corporation and Trinity Chemical Industries, Inc. as defendants. This amended complaint described both new defendants as having sold the subject railroad car. On November 25, 1998, the complaint was amended a second time to identify correctly the defendant previously included as "Trinity Chemical Industries, Inc." as Trinity Industries, Inc. ACF was not added as a defendant by either amendment.

On January 11, 1999, in its "Initial Order Governing Proceedings in This Action," the district court dismissed the suit as to all fictional parties without prejudice as to any party's rights under Rule 15(c), as follows:

> There being no fictitious party practice in the courts of the United States, it is hereby ORDERED that the action be DISMISSED as to all fictitious parties. Dismissal is without prejudice to the right of any party to take advantage of the provisions of Rule 15(c), Fed. R. Civ. P.

On February 17, 1999, the Saxtons moved the court for an order to "hold open (indefinitely, until further Order of the Court on the subject) the time for serving defendants." They argued that the requested extension would prevent foreclosure of the operation of Alabama's fictitious party practice and relation back principles. On March 3, 1999, the district court granted this motion.

Shortly after the statute of limitations period expired, the Saxtons filed a

3

third amended complaint on March 26, 1999, again with permission of the district court. In this complaint, the Saxtons added ACF as a defendant for the first time and brought certain of the state law tort claims against it which were already made against the previous defendants. This third amended complaint noted that "the subject railroad car has now been specifically identified as ACFX-94705" and included an allegation that ACF was a "manufacturer and seller of railroad cars" and had "sold the subject railroad car." The Saxtons allege that it was not until approximately February 17, 1999, shortly before the Saxtons filed their third amended complaint, that they first learned that ACF was the actual seller of the railroad tank car at issue.

ACF filed a summary judgment motion as to all of the Saxtons' claims, arguing that they were time-barred. The district court granted ACF's motion and entered final judgment for ACF.[2] The Saxtons timely appealed.[3]

---

[2]This Court has jurisdiction over the Saxtons' appeal pursuant to 28 U.S.C. § 1291 because the district court directed the entry of a final judgment on its order granting summary judgment to ACF and made an express determination that there was no just reason for delay. See 28 U.S.C. § 1291; Fed. R. Civ. P. 54(b).

[3]In their briefs, both parties state that the standard of review for this appeal is de novo. This Court has held that a district court's "[a]pplication of [federal] Rule 15(c) is reviewed for abuse of discretion," and "the findings of fact necessary for application of the rule are reviewed for clear error." Powers v. Graff, 148 F.3d 1223, 1226 (11th Cir. 1998). Although grants of summary judgment generally are reviewed de novo, this appeal addresses the district court's prerequisite decision not to allow the Saxtons' third amended complaint to relate back to the date of the original pleading. See id. at 1226 n.6 ("Although we generally review grants of summary judgment de novo, this appeal is not really a review of the grant of summary judgment. Instead

4

## II. Discussion

Because the Saxtons' claims are all state law claims and federal jurisdiction in this case is based on the diversity of the parties, Alabama law provides the applicable statute of limitations period for the Saxtons' claims against ACF. See Guaranty Trust Co. of NY v. York, 326 U.S. 99, 109 (1945). Under Alabama law, the statute of limitations for general tort claims is two years.[4] Since Major Saxton's injury occurred on February 17, 1997, the statute of limitations on the Saxtons' claims expired on February 17, 1999. The Saxtons' third amended complaint adding ACF as a defendant was filed on March 26, 1999, and thus came after the expiration of Alabama's two-year limitations period. The pivotal question becomes whether the Saxtons' third amended complaint adding ACF as a defendant relates back to the filing of the initial complaint on June 5, 1998, which was within Alabama's limitations period. The answer to this question depends on whether state or federal law provides the applicable relation back principles.

---

the appeal is a review of the district court's prerequisite decision not to allow the Plaintiffs' Fourth Amended Complaint to relate back to the date of the original pleading. Once we review that preliminary decision of the district court for abuse of discretion, the legal issue of whether the claims are barred by the statute of limitations can be determined de novo."). In any event, the result of this appeal would not be different whether our review here was de novo or for abuse of discretion.

[4]Alabama Code § 6-2-38(l) provides: "All actions for any injury to the person or rights of another not arising from contract and not specifically enumerated in this section must be brought within two years." Ala. Code § 6-2-38(1)(1975).

5

Federal Rule of Civil Procedure 15(c) governs relation back of amendments to pleadings in federal court. The first subsection, Rule 15(c)(1), provides in full that "[a]n amendment of a pleading relates back to the date of the original pleading when relation back is permitted by the law that provides the statute of limitations applicable to the action." Fed. R. Civ. P. 15(c)(1). This subsection was added during the 1991 amendments to Rule 15. The Advisory Committee Notes accompanying this subsection state that the provision "is intended to make it clear that the rule does not apply to preclude any relation back that may be permitted under the applicable limitations law." Fed. R. Civ. P. 15(c)(1) advisory committee's note. These Notes also state: "Whatever may be the controlling body of limitations law, if that law affords a more forgiving principle of relation back than the one provided in this rule, it should be available to save the claim." Id. Rule 15(c)(1) thus instructs that the applicable relation back law is the law that provides the applicable statute of limitations. As the Notes clarify, that law should be applied even if it provides a more forgiving principle of relation back than the federal rule.

Because Alabama law provides the applicable statute of limitations in this case, Rule 15(c)(1) directs us to Alabama's law governing relation back of amendments. Alabama's law addressing relation back is found in Alabama Rule of

6

Civil Procedure 15(c).[5] Alabama Rule 15(c)(4) expressly sets forth the relation

back rule when fictitious parties are involved. Specifically, Rule 15(c)(4) provides

that an amendment to a pleading "relates back to the date of the original pleading

when . . . relation back is permitted by principles applicable to fictitious party

practice pursuant to Rule 9(h)." Ala. R. Civ. P. 15(c)(4).

In turn, Alabama's fictitious party practice rule, contained in Rule 9(h),

provides that when a party is ignorant of the name of an opposing party and so

alleges, that party may designate the opposing party by any name and amend its

---

[5]Alabama Rule of Civil Procedure 15(c) provides:

An amendment of a pleading relates back to the date of the original pleading when
(1) relation back is permitted by the law that provides the statute of
limitations applicable to the action, or
(2) the claim or defense asserted in the amended pleading arose out of the
conduct, transaction, or occurrence set forth or attempted to be set forth in
the original pleading, except as may be otherwise provided in Rule 13(c) for
counterclaims maturing or acquired after pleading, or
(3) the amendment, other than one naming a party under the party's true name
after having been initially sued under a fictitious name, changes the party or
the naming of the party against whom a claim is asserted if the foregoing
provision (2) is satisfied and, within the applicable period of limitations or
one hundred twenty (120) days of the commencement of the action, whichever
comes later, the party to be brought in by amendment (A) has received such
notice of the institution of the action that the party will not be prejudiced
in maintaining a defense on the merits, and (B) knew or should have known that,
but for a mistake concerning the identity of the proper party, the action would
have been brought against the party, or
(4) relation back is permitted by principles applicable to fictitious party
practice pursuant to Rule 9(h).

Ala. R. Civ. P. 15(c).

7

pleading to substitute the opposing party's true name when the true name is discovered. Ala. R. Civ. P. 9(h).[6] The Committee Comments accompanying Rule 9(h) further direct: "See Rule 15(c) for the application of the doctrine of relation back of amendments substituting real parties for fictitious parties." Ala. R. Civ. P. 9(h) advisory committee's note. The Alabama Supreme Court has expressly discussed the interplay between Alabama Rules of Civil Procedure 9(h) and 15(c), noting that they allow a plaintiff, in certain circumstances, to avoid a limitations bar by fictitiously naming a defendant and later substituting the actual party, as follows:[7]

> Rules 9(h) and 15(c), Ala. R. Civ. P., allow a plaintiff to avoid the bar of a statute of limitations by fictitiously naming defendants for which actual parties can later be substituted. Such a substitution is allowed to relate back to the date of the original complaint if the original complaint adequately described the fictitiously named defendant and stated a claim against such a defendant. In order for the substitution to relate back, the plaintiff must show that he was ignorant of the true identity of the defendant and that he used due diligence in attempting to discover it.

---

[6]Alabama Rule of Civil Procedure 9(h) provides:

*Fictitious parties.* When a party is ignorant of the name of an opposing party and so alleges in the party's pleading, the opposing party may be designated by any name, and when that party's true name is discovered, the process and all pleadings and proceedings in the action may be amended by substituting the true name.

Ala. R. Civ. P. 9(h).

[7]As a federal court sitting in diversity, we are required to apply the law as declared by the state's highest court. Erie R.R. Co. v. Tompkins, 304 U.S. 64, 78 (1938).

See Jones v. Resorcon, Inc., 604 So. 2d 370, 372-73 (Ala. 1992). See also Ex Parte Stover, 663 So. 2d 948, 951 (Ala. 1995); Columbia Eng'g Int'l, Ltd. v. Espey, 429 So. 2d 955, 959 (Ala. 1983). Thus, under Alabama law, an amendment substituting an actual defendant for a fictitious defendant relates back when:

(1) the original complaint adequately described the fictitious defendant;

(2) the original complaint stated a claim against the fictitious defendant;

(3) the plaintiff was ignorant of the true identity of the defendant; and

(4) the plaintiff used due diligence to discover the defendant's true identity.

See Jones, 604 So. 2d at 372-73. In this case, the first three factors are not in dispute. The parties agree that the original complaint adequately described the fictitious defendants and stated claims against them. ACF does not contend that the Saxtons were anything but ignorant of ACF's true identity until shortly before their third amended complaint. However, ACF argues that the Saxtons were not diligent in discovering the true identity of the fictitious defendants named in the complaint.

The district court noted that the parties have "energetically contested" whether the Saxtons could meet Rule 9(h)'s diligence requirement. The district court, however, never reached this issue because it ultimately determined that binding precedent from this Circuit required it to apply the relation back principles

9

provided under federal, rather than Alabama, law.  The district court stated that its

"reading of [federal] Rule 15(c)(1) suggests that it is broad enough to incorporate

Alabama's fictitious party rules and, were it free to do so, would follow the earlier

rule in <u>Crowe</u>."  In <u>Crowe v. Mullin</u>, 797 F. Supp. 930 (N.D. Ala. 1992), the court

held that Rule 15(c)(1) directed a federal court to look to Alabama's fictitious party

practice and relation back rules in an action in which federal jurisdiction was based

on diversity of citizenship.  <u>Id.</u> at 932.  However, as the district court noted in this

case, binding precedent in this Circuit, specifically <u>Wilson v. Navistar Int'l Transp.</u>

<u>Corp</u>, 193 F.3d 1212 (11th Cir. 1999), required the district court to apply the

federal law governing relation back.

In <u>Wilson</u>, also a diversity jurisdiction case, this Court addressed the issue of

whether Alabama or federal relation back principles govern an amendment

replacing a fictitious defendant with a real defendant.  The Court determined that

because relation back issues are procedural in nature, the federal rules should apply

under <u>Erie</u> principles.[9]  <u>Id.</u> at 1213-14.  The Court therefore affirmed the district

---

[9]In a more recent case, this Court recognized the principle that Fed. R. Civ. P. 15(c)(1) "was added to ensure that if the controlling body of limitations law afforded a more forgiving principle of relation back than the one provided in Rule 15, then the more forgiving principle should be available to save the claim."  <u>See</u> <u>Davenport v. United States</u>, 217 F.3d 1341, 1344 n.7 (11th Cir. 2000).  However, the Court in <u>Davenport</u> did not apply Rule 15(c)(1), or mention <u>Wilson v. Navistar</u>.  We note that <u>Davenport</u> involved a civil action brought under federal law, 28 U.S.C. § 2255, and the Court applied federal Rule 15(c)(2)'s relation back principles.  <u>Id.</u> The Court in <u>Davenport</u> stated that the controlling body of limitations law for a § 2255 motion,

10

court's conclusion that federal procedural law did not allow the amendment sought.

Id. at 1214.  The Court did not mention Fed. R. Civ. P. 15(c)(1), added as an

amendment to the rule in 1991, which specifically allows for relation back of

amendments when "permitted by the law that provides the statute of limitations

applicable to the action."[10]  Instead, the Court relied on two pre-amendment cases,

Glickstein v. Sun Bank/Miami, N.A., 922 F.2d 666 (11th Cir. 1991) and Crowder

v. Gordons Transp., Inc., 387 F.2d 413 (8th Cir. 1967), which held that relation

back was governed by federal, rather than state, law.  From the Court's decision in

Wilson, it appears that the Court was unaware of the 1991 amendments to Fed. R.

Civ. P. 15.

We question Wilson in light of the 1991 amendments to Fed. R. Civ. P.

15(c)(1) and believe, along with the other circuits to discuss this issue, that Rule

15(c)(1) incorporates the relation back principles of the law which provides the

---

the AEDPA, "does not evince a more forgiving principle" of relation back than Rule 15(c)'s provisions.  Id.

[10]As the Saxtons point out, the parties' appellate briefs before the Wilson Court never mentioned Rule 15(c)(1).  ACF does not dispute this, but states that Rule 15(c)(1) was mentioned in the pleading in support of the Wilson appellee's motion to dismiss in the district court.
The district court in this case also observed that "it is unclear whether the proper application of Rule 15(c)(1) was before the court of appeals in Wilson."

11

statute of limitations.[11]  See Arendt v. Vetta Sports, Inc., 99 F.3d 231, 236 (7th Cir.

1996) (applying Illinois relation back law pursuant to Fed. R. Civ. P. 15(c)(1));

Lundy v. Adamar of NJ, Inc., 34 F.3d 1173, 1184 (3d Cir. 1994) (applying New

Jersey relation back law); McGregor v. Louisiana State Univ. Bd. of Supervisors, 3

F.3d 850, 863 n.22 (5th Cir. 1993) (applying Louisiana relation back law).

However, under this Circuit's prior panel precedent rule, we are bound by the

holding of the first panel of this Court to address an issue of law, unless and until

that holding is overruled en banc or by the Supreme Court.  See United States v.

Hogan, 986 F.2d 1364, 1369 (11th Cir. 1993).  As we recently noted,

> the prior panel precedent rule is not dependent upon a subsequent panel's
> appraisal of the initial decision's correctness.  Nor is the operation of the
> rule dependent upon the skill of the attorneys or wisdom of the judges
> involved with the prior decision -- upon what was argued or considered.
> Unless and until the holding of a prior decision is overruled by the Supreme
> Court or by the en banc court, that holding is the law of this Circuit
> regardless of what might have happened had other arguments been made to
> the panel that decided the issue first.

Cohen v. Office Depot, Inc., 204 F.3d 1069, 1076 (11th Cir. 2000).

We are therefore constrained to follow Wilson and to apply the federal

principles governing relation back, set forth in Federal Rule of Civil Procedure

---

[11]The district court also noted that it had "strong reservations about whether Wilson was correctly decided."

15(c), rather than Alabama's principles.[12]  Specifically, Rule 15(c)(3) controls whether an amended complaint may relate back to the filing of the original complaint where a plaintiff amends his complaint to add a defendant after the running of the relevant statute of limitations.  See Powers v. Graff, 148 F.3d 1223, 1225 (11th Cir. 1998).  Rule 15(c)(3) first provides that the amended complaint must satisfy the requirements of Rule 15(c)(2) that the claim in the amended complaint arise out of the conduct, transaction, or occurrence set forth in the original pleading.  See Fed. R. Civ. P. 15(c)(3).  If Rule 15(c)(2) is satisfied, Rule 15(c)(3) "permits an amendment to relate back only where there has been an error made concerning the identity of the proper party and where that party is chargeable with knowledge of the mistake."  Powers, 148 F.3d at 1226 (citing Worthington v. Wilson, 8 F.3d 1253, 1256 (7th Cir. 1993)).[13]  The Saxtons concede that they

[12]ACF argues that even if this Court were not constrained to follow Wilson, as a matter of law the Saxtons' complaint would not relate back under Alabama law because the Saxtons have failed to show that they were diligent in discovering the true identity of the fictitious defendants named in their complaint.  As did the district court, we decline to address this issue because we find that we are bound by Wilson to apply federal relation back law.  In any event, this is the type of record-intensive issue that should be addressed by the district court in the first instance.

[13]Federal Rule of Civil Procedure 15(c)(2)-(3) provides that an amendment of a pleading relates back to the date of the original pleading when

(2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, or

(3) the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied and, within the period provided by Rule

cannot meet the test for successful relation back under Federal Rule 15(c)(3).

Following <u>Wilson</u> and applying federal relation back principles, we conclude that the Saxtons' third amended complaint, adding ACF as a defendant, did not relate back to the filing of the original complaint and therefore was barred by the statute of limitations.

For the reasons stated above, we affirm the district court's order granting summary judgment to ACF.

**AFFIRMED.**

---

4(m) for service of the summons and the complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

Fed. R. Civ. P. 15(c)(2)-(3).

14