[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

---------------------------------------

No. 05-15064
Non-Argument Calendar

---------------------------------------

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
June 12, 2006
THOMAS K. KAHN
CLERK

D.C. Docket  No. 02-01712-CV-P-NE

TYRON WHITE, et al.,

Plaintiffs,

DOYLE GRIMES, on behalf of Blake Grimes,
a minor, and on behalf of Cody Grimes, a minor,

Plaintiff-Appellant,

versus

RICKY NICHOLS, in his official capacity,
DEXTER RUTHERFORD, in his official capacity,

Defendants-Appellees.

----------------------------------------------------------------
Appeal from the United States District Court
for the Northern District of Alabama
----------------------------------------------------------------

**(June 12, 2006)**

Before EDMONDSON, Chief Judge, CARNES and PRYOR, Circuit Judges.

PER CURIAM:

Plaintiff-Appellant Doyle Grimes, on behalf of Cody Grimes, a minor, appeals the grant of summary judgment in favor of Defendants-Appellees, Ricky Nichols, principal of Lawrence County High School ("LCHS") and Dexter Rutherford, superintendent of the Lawrence County, Alabama, school system. Per 42 USC § 1983, Plaintiff claimed that Defendants' school dress code ban on clothing bearing a confederate flag constituted an unconstitutional violation of First Amendment rights.[1] No reversible error has been shown; we affirm.

The district court concluded that Scott v. School Bd. of Alachua County, 324 F.3d 1246 (11th Cir. 2003), was controlling; we agree. In Scott, we determined that an unwritten ban on the display of Confederate symbols imposed by school officials constituted no violation of students's First Amendment rights when officials presented evidence of racial tensions existing within the school and testified about fights that seemed to be racially based which had occurred in the months preceding the ban. Id. at 1249. We accepted in Scott that "public school students' First Amendment rights are not forfeited at the school door," but also recognized that "those rights should not interfere with a school administrator's

---

[1]Suit was brought against Defendants in their official capacities; Plaintiff seeks no money damages.

professional observation that certain expressions have led to, and therefore could lead to, an unhealthy and potentially unsafe learning environment." Id. at 1247.

Scott concluded that school officials appropriately may censor student expression under either of two theories. First, citing Tinker v. Des Moines Independent Comm. School Dist., 89 S.Ct. 733 (1969), and Denno v. School Bd. of Volusia County, Fla., 218 F.3d 1267 (11th Cir. 2000), the Scott decision allowed that student speech could be restricted based on a reasonable fear the expression will disrupt discipline in the school. Id. at 1248. Second, citing Bethel School District No. 403 v. Fraser, 106 S.Ct. 3159 (1986), and Denno, Scott allowed that, even absent a showing that disruption was immediately likely, school officials -- charged with responsibility for developing good citizenship -- "must have the flexibility to control the tenor and contours of student speech within school walls or on school property." Id.

We need not revisit the reasoning of Scott: Scott constitutes binding precedent in this Circuit. See Saxton v. ACF Indus., Inc., 254 F.3d 959, 960 n.1 (11th Cir. 2001) (under prior precedent rule we are bound to follow prior panel's precedent unless and until it is overruled by this Court sitting en banc or by Supreme Court). Here, as in Scott, the record evidenced racial tensions at LCHS preceding implementation of the ban; and testimony linked those racial tensions

3

and incidents in which racial slurs were spoken to the display of the Confederate flag on student clothing.  Principal Nichols heard from students who reported racial slurs spoken by fellow students wearing clothing bearing the Confederate flag; heard concerns of faculty about potential racial unrest; received reports from parents of minority students expressing concerns about racial discord (some of which was attributed directly to the display of the Confederate flag at LCHS); and heard from one minority student who complained of being intimidated and scared to the point of feeling ill because she was surrounded by Confederate flags and racial slurs.[2]

Scott, recognizing that the Confederate flag evokes strong feelings, said "[i]t is not only constitutionally allowable for school officials to closely contour the range of expression children are permitted regarding such volatile issues, it is their duty to do so." Id. at 1249 (quoting the district court opinion).  Under Scott, the district court committed no reversible error when it concluded that Plaintiff failed to show that his First Amendment rights were unconstitutionally infringed by the imposition of the Confederate flag clothing ban.

AFFIRMED.

---

[2]We recognize, as did the district court, that Plaintiff disputes Principal Nichols's recitation of complaints he heard about the Confederate flag.  But, also as the district court observed, Plaintiff challenged Principal Nichol's credibility; but Plaintiff proffered no evidence sufficient to create a genuine issue of fact about the Principal's testimony.

4